JESSE M. STONE, Appellant, *vs.* JOHN BASSETT, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The Act of July 29, 1858, regulating the foreclosure of real estate, and which prescribes the terms and conditions upon which a mortgagor may retain possession of real estate after foreclosure, is not a violation of the State or Federal Constitution, and does not impair the obligation of a mortgage contract, whether as applied to contracts made prior or subsequent to the passage of the act. And after a sale under a decree of foreclosure, the Defendant is bound, as the condition upon which he may retain possession during the time of redemption, to pay to the purchaser interest upon the amount of the purchase money, according to the terms of the act. This interest is required to be paid in advance for the whole time allowed for redemption; and a failure to pay or tender the interest according to the act, deprives the mortgagor of the right of possession as against the purchaser.

FLAUNDRAU, J. Agreeing in the foregoing conclusion, holds that the power of the Legislature to extend the time of redemption on mortgage sales under pre-existing mortgages, should be confined exclusively to sales made by order of the Courts in the exercise of their equitable powers, and not to such sales as may result from the express contract of the parties.

It seems that a Justice of the Peace has no jurisdiction of an action to recover the possession o real estate, against a mortgagor who holds over after a sale under a decree of foreclosure, and before the expiration of the time allowed for redemption.

Points and authorities of Appellant:

*First.*—The complaint does not state facts sufficient to constitute a cause of action. *Stat. Minn. p.* 649, *Sec.* 2.

*Second.*—The complaint does not state facts sufficient to give jurisdiction to a Justice of the Peace. *Stat. Minn. p.* 651, *Sec.* 12; 12 *U. S. Dig. p.* 356, *Sec.* 14 *and* 15; *People vs. Rickert,* 6 *Cow.* 226; 2 *U. S. Dig. p.* 432, *Sec.* 75, 119, 157, 177; 18 *Alabama,* 600.

*Third.*—A Justice of the Peace has not jurisdiction of an action for the recovery of the possession of real estate from a mortgagor who continues to retain the same, after a sale under a judgment of foreclosure in favor of the mortgagee. *Stat. Minn.* 649 *and* 651, *Sec.* 2 *and* 12; 9 *U. S. Dig. page* 249, *Sec.* 18; *Carswell vs. Ward,* 2 *Doug.* 374 *to* 277; *Barton vs. Osborn,* 6 *Blackf.* 145; *Blount vs. Winight,* 7 *Missouri,* 50; *Commonwealth vs. Dudley,* 10 *Mass.* 403.

*Fourth.*—That the mortgagor, or any person claiming under him, is entitled to retain the possession of the mortgage premises for one year after sale under a judgment of foreclosure of mortgage, executed in 1857, by virtue of the Act of July 29, 1858, entitled " An Act to regulate the foreclosure

of real estate," by paying interest on the purchase money at the rate of twelve per cent. per annum. *Stat. Minn.* 646, *Sec.* 1, 2, 3, *or* 21, 22, 23 ; *Sturgis vs. Crowningshield,* 4 *Wheat,* 200 ; *Bronson vs. Kinzie,* 1 *How. U. S. Dissenting Opinion of Judge McLean.*

*Fifth.*—That the interest required to be paid by the mortgagor or other person claiming under him, under the Act of July 29, 1858, entitled " An Act to regulate the Foreclosure of Real Estate," in order to retain possession of the mortgage premises, is not payable in advance for the entire year allowed for redemption, but may be paid as the same accrues from day to day or month to month, at the option of the party claiming the possession.

*Sixth.*—That the mortgagor or any one claiming under him, has the right to redeem the mortgage premises within one year from the date of the sale thereof under a judgment of foreclosure, upon paying to the purchaser the amount of his bid and interest thereon at the rate of twelve per cent. per annum from the day of sale to the date of such redemption.

*Seventh.*—That the contract of purchase under the decree of foreclosure and sale is a new and independent contract, having no connection whatever with the original contract between the mortgagor and mortgagee ; the presumption of law being, that the mortgage is satisfied by the sale of the mortgage premises.

*Eighth.*—That an Act of the Legislature giving or extending the right of redemption of mortgage premises, on which a mortgage exists at the date of its passage, if enacted prior to the sale, whether by Advertisement or under a Decree of Foreclosure, does not impair or in any wise affect the contract between the parties to such mortgage, as not only is the mortgagee not presumed to become the purchaser, but his right to do so is controlled by the Statute or Decree, and if he does purchase, he does so as a stranger, without reference to the former contract, and such purchase is governed by the law as it exists at the date of such sale. *Smith's Commentaries, Sec.* 260, 254.

Points and authorities of Respondent :

*First.*—The Justice of the Peace had jurisdiction of the cause by virtue of *Section* 12 *of Complied Stat. page* 651.

*Second.*—The law of July 29, 1858, upon which the Appellant relies, is unconstitutional, and impairs the obligation of contracts. *See Bronson v. Kinzie,* 14 *Curtis* (1 *Howard*) *U. S. Rep.* 628.

*Third.*—If said law is valid and constitutional, still the original Defendant, Stone, could only have retained possession of the premises upon payment of one year's interest in advance. *See Statute of July* 29, 1858, *above cited.*

D. COOPER, Counsel for Appellants.

M. E. AMES, Counsel for Respondent.

*By the Court.*—EMMETT, C. J.   On the 5th day of February, 1857, the Defendant and wife gave a mortgage to the Plaintiff, on certain real property in Ramsey County, to secure the payment of $2000, in one year, with interest at the rate of two per cent. per month, until paid.   On the 7th day of August, 1858, Defendant having failed to pay, the Plaintiff commenced an action in the District Court to foreclose the mortgage, and such proceedings were had therein, that the court, on the 5th day of May, 1859, ordered the mortgaged property, or so much thereof as might be sufficient, to be sold by the Sheriff to satisfy the amount due, giving to either party the right to purchase at the sale, and ordering that the Sheriff make a deed to the purchaser, and that, on the production of such deed, he be let into the possession; and, also, that the Defendant and wife, and all claiming through or under them, be barred of all equity of redemption.   In pursuance of this order, the Sheriff, proceeding as upon ordinary execution, sold all of the mortgaged premises to the Plaintiff on the 15th day of July, 1859, and on the same day executed a deed to him of the property purchased, after the usual form of Sheriff's deeds.   Afterwards, on the 30th day of July, 1859, the Plaintiff produced this deed to the Defendant, and demanded possession of the premises, but the Defendant refused to surrender the possession.   It further appears that the Defendant and wife just

prior to the sale by the Sheriff, had conveyed all of the mortgaged premises to one J. James Herr, and at the time of the Plaintiff's demand of possession, the Defendant was claiming to hold, as the tenant of said Herr, and had as such tenant and as agent for Herr, on the 1st day of August, 1859, tendered to the Plaintiff the sum of seventy-five dollars, as the interest on the sum for which the property was sold, at the rate of twelve per cent. per annum, for the term of three months from the day of the sale. This tender of interest the Plaintiff refused to accept, and on the 23d of August, 1859, commenced the present action, before a Justice of the Peace of the County, to recover possession of the premises. The Justice gave judgment for the Plaintiff, and awarded restitution. An appeal was taken to the District Court, where a similar judgment was rendered, and the Defendant then appealed to this Court. He insists that under the Statute of July 29, 1858, entitled "An Act to Regulate the Foreclosure of Real Estate," he might retain possession for one year after the sale, by paying the interest on the purchase money, at the rate of twelve per cent. per annum, and that his tender of three months' interest was sufficient for the time, because, as he claims, the Statute does not require the interest for the whole year to be paid in advance. And he makes a further point (not made in the Court below), that a Justice of the Peace has not jurisdiction of an action to recover possession of real property against a mortgagor who holds over after a sale under a judgment of foreclosure.

On the other hand, the Plaintiff contends that the Statute of July 29, 1858, cannot be applied to this sale without impairing the obligation of the mortgage contract, which was made prior to the passage of the law, and that in any event, the mortgagor could not retain possession by paying one year's interest in advance.

In the case of *Grimes vs. Bryne, 2 Minn.* 89, where it was insisted that the exemption law of August 12, 1858, could not be applied to contracts made prior to its enactment without impairing the obligation of such contract, this Court held, that although the law exempted property not exempt from execution at the time the contract was made, yet it affected the

remedy only, and not in such a manner as to impair the obligation of the contract. That the Legislature has control of the remedy, and the question for the court in such cases is not whether the power exists and can be exercised, but whether the exercise of it in any particular case amounts to an abuse of that power, but that no adjudicated case can be authority for another, unless the facts are identical.

Let us, then, inquire whether, by the passage of the Act of July 29, 1858, the Legislature abused the power vested in it to control the remedy, and whether the Act can be applied to contracts made prior to its enactment, without a violation of the State or Federal Constitution. This inquiry involves an examination of the practice in our courts, and of the remedies in force at the time this mortgage was made.

For the first few years of our Territorial existence, our District Courts exercised their equity powers according to the usual chancery practice; and during that time the judicial remedy on mortgages was by bill in chancery for a strict foreclosure, or to have the property sold, and the proceeds applied in satisfaction of the mortgage. But even when a strict foreclosure was sought, the Statute expressly recognized the power of the court to order the mortgaged property to be sold.

The Legislature, however, by an Act, approved May 5, 1853, abolished the Court of Chancery as a distinct tribunal, and also all distinctions then existing between the practice and proceedings at law and in equity, and expressly directed that all equity and chancery jurisdiction should thereafter be exercised, and that all suits, applications, and proceedings then enforced by chancery jurisdiction, including the foreclosure and satisfaction of mortgages, should be commenced, prosecuted and conducted to a final decision and judgment, by the process, pleading, trial and proceedings prescribed in civil actions. This Act, though it took from the courts none of their equity powers, yet in effect repealed all Statutes relating to the mode of practice and proceedings in chancery, and prescribed but one form of action for the enforcement or protection of private rights, or the redress of private wrongs, whatever might be the nature of the action. The Statutes concerning civil actions, and regulating the practice and proceed-

ings therein, so far as they can be made to apply, are those, therefore, by which we are to be governed.  Had these Statutes from the beginning applied to suits and proceedings in equity, as well as to actions at law, many distinctions now urged would never have been thought of, and we think that they should now receive the same construction and interpretation that would have been given had the Court of Chancery and the distinctions in practice between law and equity been abolished in the first instance, and we had never had any other practice act than that prescribed in civil actions.

If, then, there be but one form of action, and the Statutes concerning civil actions apply as well to suits in equity as actions at law, is there any reasonable ground for distinguishing sales of real estate, made by order or judgment of the court upon proceedings for the foreclosure or satisfaction of mortgages from other sales upon execution ?  Does not the same general law apply to all sales of real estate upon an execution against the property of a debtor ?  The sale is but the result of the judgment of the court in either instance.  In the one case, there is a general judgment against the party enforced by an execution against his property generally, and directed to the Sheriff of the county.  In the other, there is a judgment for the sale of particular property, in satisfaction of a debt, enforced by a special execution directed to the Sheriff or other person appointed by the court to execute it.  Why, then, should the right of redemption attach to a sale upon a judgment in the one instance and not in the other ?  Does the Statute make the distinction ?  The Statute provides, that upon *a sale* of real property on execution, when the estate is less than a leasehold of two years unexpired term, the sale shall be absolute, but that in *all other* cases the property is sold subject to the redemption therein provided.  *R. S. Chap.* 71, *Sec.* 112.  And is not a sale of mortgaged premises under the judgment or order of the court a judicial sale ?  The Act of May 5, 1853, expressly says, that proceedings for the foreclosure and satisfaction of mortgages are to be governed by the proceedings prescribed in civil actions.  Shall we, then, adopt all the provisions of the Statutes concerning civil actions and proceedings, and the rights

of parties therein, both before and after judgment, and except those alone which relate to the right of redemption? We do not think there is any warrant for such distinction. If the property is fairly exhausted, and the proceeds applied in satisfaction of the mortgagee's claim, he obtains all that in justice he is entitled to under the mortgage contract, and perhaps all that he has asked for. Of what particular interest then can it be to him whether there be a right of redemption or not? He is not affected by it, unless he obtain permission to bid at the sale, and become the purchaser, but this he may easily avoid. If he purchase, his subsequent rights depend rather on his contract of purchase than anything contained in the mortgage, and he stands in the precise condition of any other purchaser, except that his purchase is examined with more jealous care by the courts, but there is no legal presumption that he alone, of all the world, will become the successful bidder. If the property, by reason of the right of redemption, will not, in the opinion of the mortgagee, sell for what it is really worth, let him not ask for a sale, but for a strict foreclosure, (which he may obtain by showing that his claim would be seriously affected by a sale), and then if the mortgagor does not redeem from the forfeiture, provided by the mortgage, within the time or times allowed by the court, his equity of redemption will be foreclosed, and the mortgagee can take the property, which would be all that his mortgage calls for. But when the mortgagee himself asks for a sale, it may reasonably be presumed that the remedy he asks for is sufficient for his purpose, and that he prefers the time of redemption given by the *Statute* to that which would be given by the court before the equity of redemption could be foreclosed; and pursues this course, in order to obtain a remedy over against the mortgagor, for any balance that might remain after exhausting the property. The objection, however, that property coupled with the right of redemption will not sell for its real value, is one which the courts should take into consideration before they order it to be sold, upon proceedings for a strict foreclosure of the mortgage. They should not in any case order a sale, when the rights of either party would be seriously endangered thereby. But when ordered, the sale is presumed to be for the interest

Stone *v.* Bassett.

of the parties, and there is no presumption that property at public sale will not bring its full value.

But it is said that sometimes, owing to the general scarcity of money, no one but the mortgagee is likely to bid at the sale, and that he will have to bid all the property is worth, or it will be redeemed. We regard this as an argument rather in favor of, than against the right of redemption, for, without a redemption, the mortgagee, in the instance suggested, might be able to obtain the property on his own terms, while, if the mortgagor has the right to redeem, the danger of sacrifice is not so imminent, and I can see no great injustice in a Statute which permits a redemption, upon the terms of repaying the purchase money, with interest at a rate equal to, or greater than the usual legal rate. Indeed, courts of equity have frequently interfered, when mortgages have been pressed in times of general embarrassment, and deferred the sale, or time of redemption until the difficulties were removed.

But, we will not discuss the policy of a statutory redemption. We are satisfied that the Act of May 5, 1853, places all judicial sales upon the same footing, whether the sale is upon a judgment in proceedings to foreclose or satisfy a mortgage, or an ordinary judgment for the recovery of money; and we consider the Act of July 29, 1858, so far as it gives a right to redeem from mortgage sales, as merely declaratory of the existence of that right.

Looking, then, to the law as it existed at the time the mortgage in this case was executed, we find that the sixty days redemption given by the general law of 1851, on all judicial sales, had been extended to one year, by an amendment made in 1854. *Sess. Laws of* 1854, *p.* 103. The mortgagor, therefore, under this amendment, had the right to retain possession and redeem at any time within one year, upon repaying the purchase money with interest, at the rate of ten per cent. per annum. The Act of July 29, 1858, however, changed the rate of interest to twelve per cent., and made its payment the condition upon which the mortgagor could retain possession. The constitutional objection, therefore, so earnestly insisted on by the Plaintiff, would not avail him in any event, for the time of redemption was not changed, and the alterations that are made are adverse to the Defendant.

But, should we be wrong even, in the view we have taken of the law of 1853, there can be no doubt that it was intended by the Act of July 29, 1858, to confer the right to redeem from sales made in judicial proceedings to foreclose, or satisfy mortgages. And we recognize the power of the Legislature to enact such a law. It relates exclusively to the remedy, and we are unable to see that mortgagees are deprived by it of any rights given by their contract. The old Chancery Act does not give to either party the absolute right to have the property sold, on proceedings to foreclose or satisfy mortgages. It merely recognizes the authority of the court in the exercise of its chancery powers to decree a sale, if the equities of the case require it. Nor does the mortgage proper stipulate for such a sale. The contract of the mortgage, strictly carried out, gives to the mortgagee the property, upon a breach of the conditions, but nothing beyond. Whatever else he may obtain, is by virtue of the contract which the mortgage is given to secure. And if he sues upon that contract, there can be no doubt of the mortgagor's right to redeem. How then can it be said, that the Legislature, by giving a right of redemption upon mortgage sales, made in judicial proceedings, violates the mortgage contract, or any right belonging to the mortgagee? He has, it is true, a right to a remedy, but not to any particular remedy, and we have already seen that the remedy which comes nearest enforcing the mortgage according to its terms, that of strict foreclosure, is still open for him to pursue.

The Supreme Court of the State of New York, in a well considered opinion, *James vs. Stull*, 9 *Barb.* 482, held that a Statute of that State authorizing sales of mortgaged premises, under the power of sale contained in a mortgage, upon a notice of *twelve* weeks, is not unconstitutional and void, so far as it operates upon mortgages in existence at the time of its passage, notwithstanding that previous to that Statute a notice of *twenty-four* weeks was necessary; and that the authority given to the mortgagee to sell according to law, should be construed to mean according to the law in force *at the time such sale became necessary.* See also *Morse vs. Gould*, 1 *Kernan* 281. In *Butler vs. Palmer*, 1 *Hill*, 324, the same court held that a Statute which operated to lessen the time of redemption was not un-

constitutional, although the mortgaged property had been sold under the former law, *subject to one year's redemption*, and the master's deed specified that it might be so redeemed.   The same principle was recognized in *People vs. Livingston*, 6 *Wend.* 526, 530, where a creditor under one Statute had acquired a right to redeem in a certain form, and a subsequent enactment repealed that Statute, and changed the form of redemption.   Savage, Chief Justice, was of opinion that an attempt to redeem under the old form was nugatory.   To my mind these decisions go far towards establishing the position that if the Legislature may thus shorten the time of redemption, it may also extend it.   If the time may be reduced one half, or to any extent, when the right to redeem has already accrued, and the time has commenced running, it certainly may be abolished altogether as to sales yet to be made, and, if a right to redeem may be abolished, or extended without impairing the obligation of contracts, why may it not be created?   The Legislature of a State, representing as it does, the sovereign power, has absolute power over all subjects of legislation, except when limited by the Federal or State Constitution,   Unless thus restrained, it may control even vested rights, and, although many cases can be found, showing a disposition on the part of courts to construe statutes which provide new exceptions, or create new defences, as not applicable to contracts, or rights of action existing at the time of their enactment, yet it is not conceivable, that after allowing the few restrictions to be found in the Federal and State Constitutions, any further bounds can be set to legislative power by written prescription.   1 *Hill* 329; *Charles River Bridge vs. Warren Bridge*, 11 *Pet.* 420.

Believing then, as we have before stated, that the legislature has control of the remedy, and may alter it in any manner, that does not impair the *obligation* of the contract, and being unable to discover in the act of July 29, 1858, any abuse of this legislative discretion, we hold: That it is not a violation of the State or Federal Constitution, whether as applied to contracts made prior or subsequent to the time of its enactment: That the Defendant was bound, as the condition upon which he could retain possession, during the time of redemption, to pay

to the purchaser interest upon the amount of the purchase money according to the terms of that act : That the interest is required to be paid in advance for the whole time allowed for redemption : and that the Defendant having failed so to pay, or tender the interest, was not entitled to the possession as against the purchaser.

It is however urged by the Defendant that this action was improperly brought before a Justice of the Peace, because the Statute which confers jurisdiction on Justices of the Peace, in forcible entry or detainer, does not, in terms, include a case where a mortgagor holds over after a sale on foreclosure of a mortgage in chancery. *Sec.* 12, *Chap.* 87, *Rev. Stat.* 1851.

That Statute was passed while we yet had a separate chancery practice, and did not include cases of that kind, they being otherwise fully provided for by the 58*th section of chapter* 94 of the same act, which authorizes the court of chancery, on the coming in of the report of such a sale, to decree and compel the delivery of the possession of the premises to the purchaser, without calling upon a Justice of the Peace for assistance to enforce its decrees.

But, does the effect which we have given to the act of May 5th, 1853, obviate this objection ? We think not. The sale in such a case, it is true, is a sale upon execution within the meaning of the forcible entry and detainer law, but, it will be found that by the terms of that law, an action cannot be commenced before a Justice of the Peace, after a sale upon execution, until *after the expiration of the time for redemption;* and, as the time for redemption in this case had not expired, the purchaser, although entitled to the possession, could not maintain this action before a Justice of the Peace.

---

ATWATER, J. I agree with the conclusion arrived at by the Chief Justice, as to the effect of the law of 1853, and the validity of the law of 1858, in its application to contracts made prior to its passage, but dissent from much of the reasoning of his Honor, embraced in the foregoing opinion.

FLANDRAU, J.   It is quite clear to me that the Justice of the Peace had no jurisdiction under the Statute to entertain and decide this case upon its merits.   The mortgagor had the right to redeem the land under the act of July 29th, 1858, and until the time had expired within which this right could be exercised the Justice could not try the question of the right to the possession.   *Com. Stat.* 651, *Sec.* 12.   This point alone is entirely fatal to the whole case, and cuts off the necessity of an investigation of the merits.   After deciding that the Court below had no jurisdiction of the subject matter of the action, anything that we should say upon the merits would be of no force or authority as a precedent for our future government; therefore while I fully concur in the conclusions arrived at by the Chief Justice in his opinion as to the disposition to be made of the case, and all the reasoning that he brings to bear in support of such conclusions, I deem it advisable in order to prevent any future uncertainty, to say, that the reasoning of the Chief Justice in support of the power of the legislature to extend the time of the redemption on mortgage sales under pre-existing mortgages, should be confined exclusively to sales made by order of the courts in the exercise of their equitable powers, and not to such sales as may result from the express contract of the parties.