Drew et al. v. Smith.

---

Wm. S. Drew and Myron K. Drew, Respondents, vs. Edward S. Smith, Appellant.

APPEAL FROM THE DISTRICT COURT OF WINONA COUNTY.

A title bond cannot be regarded or treated as a mortgage.

There may be a strict foreclosure of a mortgage under our practice; and by analogy a title bond may be cancelled, after a default in the payment of the purchase money by the obligee.

The time which the Courts may give in either case, before foreclosing the equity of redemption, or cancelling the bond, is purely discretionary, and cannot be reviewed upon appeal, unless there is a manifest abuse of such discretion.

It is not error for the Court, when giving to such mortgagor or obligee the privilege of complying with the conditions of the mortgage, or of paying the purchase money within a certain time, to attach thereto the condition that he shall also repay to the other party such taxes as he may have paid to protect the estate from forfeiture.

This action was brought to obtain a strict foreclosure of a " bond for deed." The complaint fully describes the bond, its conditions, &c., a failure to pay balance due upon one of the notes therein mentioned, and that Plaintiffs have, since the maturity of the note and before the commencement of this action, several times offered to cancel and deliver up the note in part unpaid, to the Defendant, if he would release and cancel the bond, but the Defendant neglected and refused to do so. It then alleges that the bond, though forfeited and void according to its tenor and effect, is yet a cloud upon the Plaintiff's title, and that Defendant on the execution of the bond and notes, immediately entered into possession of the premises, and has since continued in possession and in receipt of the rents and profits thereof. The complaint then closes with a prayer for relief, that the bond may be adjudged void and of no effect, and that Defendant may be adjudged to deliver up and cancel the same on surrender of the note, and be ordered to execute a release, satisfaction and discharge of the bond for record, and that he be ordered to yield and deliver up to the Plaintiffs, quiet and peaceable possession of the premises, closing with prayer for general relief.

The answer sets up that $300 more was paid on the unpaid note than the Plaintiffs admit in their complaint, but the judge finds against the Defendant on this issue and no question is made on it. The answer then avers that the default of the Defendant in payment of the balance of the purchase money, was not voluntary on his part, but from necessity for want of funds. It also avers that the property is of value largely exceeding the unpaid purchase money ; but that Defendant is willing to account for the rents and profits of the property, and after deducting it from the amount of purchase money paid by him, and interest thereon, upon being refunded the balance found in his favor, to cancel the bond on receipt of his note.

The facts found by the Judge, are, that the Defendant has paid, upon the bond, the sums admitted in the complaint, and at the times therein mentioned, but has paid no other or further sums upon the notes therein mentioned, but has made default in payment of the balance of the $4,000 note,

as claimed in the complaint, and has not at any time since the maturity of the note, offered to pay the balance of said note to the Plaintiff, or any part, and is not now ready and willing so to do. That the lands in question are reasonably worth no more than the sum remaining due from the Defendant to the Plaintiffs upon the bond, of the purchase price of the lands. That prior to the commencement of the action, Plaintiffs offered to Defendant to comply with the terms of the bond on their part and convey the premises to him on being paid the balance of said purchase money, and requested him to pay the same, which he has failed to do ; and also offered to cancel and surrender the note on his delivering up and cancelling the bond, which he has also neglected and refused to do. That the legal title and fee of said premises are in Plaintiffs, and Defendant is in possession thereof under said bond, and refuses to surrender the same to them. The Plaintiffs have paid for taxes assessed on the premises since the execution of the bond, $54.50, and $100 expense of side walk in front of the property "taxed thereon."

And as conclusions of law from the facts found, the Court finds " the Plaintiffs entitled to judgment for the relief demanded in the complaint ; provided, however, that the Defendant prior to such complete and final judgment, may have and is hereby allowed six months time from the date of the trial of this action (Sept. 17th, 1861), in which to comply with the terms and conditions of said bond on his part, and to complete said purchase by paying to the Plaintiffs the balance of said purchase money and interest, together with the taxes paid by Plaintiffs as above found ; but if the Defendant shall fail to make such payment within such time, that then and in that case said bond and all rights of Defendant are to be declared and adjudged absolutely forfeited and be cancelled of record, upon the surrender and cancellation by said Plaintiffs of said note still held by them, and said Plaintiffs shall also be entitled to an immediate and unconditional delivery of the possession of said premises to them by the Defendant. Judgment ordered for Plaintiffs in conformity with the above."

The Defendant appeals from the judgment.

Points and Authorities for Appellant.

I.—In cases like the present, of a contract for sale and purchase of real estate and a partial performance of the contract, neither the vendor or purchaser has a complete legal title to the land, but both have an equitable interest in it ; and the interest of the vendor is a lien on the property as security for the unpaid purchase money in the nature of a mortgage. 1 *Hilliard on Mort.*, 614; *id.* 616; *id.* 628-9; *Taylor vs. Hunter*, 5 *Humph.* 569 ; *id.* 635, *sec.* 39 ; *id.* 638, *sec.* 45 ; *Conner vs. Banks*, 18 *Ala.* 42, *cited in* 1 *Hill on Mort.* 660; *id.* 661, 3 *e; Fenno vs. Sayre*, 3 *Ala.* 458.

II.—Under the statutes of this State, the former practice of "strict foreclosure " is obsolete ; and Courts, in all foreclosure cases, are bound to decree a sale of the mortgaged premises ; under no circumstances decreeing a strict foreclosure. *Stats. Minn. p.* 671, *sec.* 77, 78.

III.—But granting that the Appellant is wrong in denying to the Courts of our State power to make a decree of strict foreclosure, they will in no case exercise the right, except where the facts show clearly that the equitable rights of the mortgagee would be materially sacrificed by a sale, or that the rights of the mortgagor could not possibly suffer from a strict foreclosure, neither of which facts appear in this case. The mode or form of enforcing lien of vendor for purchase money is same as in case of ordinary mortgage. 1 *Hill. on Mort.* 656, *sec.* 84; *id. sec.* 87. In suit to enforce his lien, a vendor of land will be compelled to do equity. *Id.* 668, *sec.* 91.

Primarily and ordinarily Courts direct a sale of the mortgaged property, giving the debtor any surplus after discharging the mortgage debt ; and secondarily to apply the remedy of foreclosure only to special cases where the former remedy would not apply, or might be inadequate or injurious to the interest of the parties. 2 *Story Eq. sec.* 1024, 1026 ; *Stone vs. Bassett*, 4 *Minn.* 304.

IV.—It is proper to add it was clearly erroneous on the part of the Court below, to affix as a condition of the Appel-

lants receiving the deed of the land in question, the payment of the sum of $154.00, with interest from 17th September, 1861, for taxes paid by the Plaintiffs. The condition of the bond did not require payment of the taxes on the land by the Defendant to entitle him to the deed. He was at liberty to run his own risk of losing the land for non-payment of taxes, and if the Plaintiffs saw fit to step in and pay them, that fact gave them no additional lien thereon.

Besides, *sec.* 101, *p.* 244 *Pub. Stats.*, was not in force at the time of the commencement of this action. *Laws* 1860, *chap.* 1, *sec.* 105. The provision is now renewed, *Laws* 1860, *p.* 40, but this was not till after the determination of this cause. No possible state of facts could warrant the finding made on this point. Moreover, the complaint being silent on the subject of taxes, the finding cannot, for that reason, be supported.

Points and Authorities of Respondents.

I.—Claims for both legal and equitable relief, may be united in one action where they are not inconsistent with each other. *Pub. Stats. Minn.* 543, *sec.* 83.

1. In this case the legal relief demanded, viz : possession of the premises, and the equitable, viz : the surrender and cancellation of the bond of record, are not inconsistent, having, as they do, relation to the same subject matter. *Pub. Stats. Minn.* 543, *sec.* 83, *subdiv.* 5.

2. In this class of cases the Plaintiff is entitled to either or both kinds of relief, according as he makes a case. *Getty vs. Hudson Riv. R. R. Co., How. Pr. R.,* 269, 70 *and* 71; *Voorhies' N. Y. Code,* 1855, 244, *n. c.*

3. The facts alleged in the complaint and found by the Court upon the trial of this cause, are clearly sufficient to entitle the Respondents to the possession of the premises. *Jackson vs. Moncrief,* 5 *Wend.* 26; *Willard's Eq. Jur.* 303; 2 *Story Eq. Jur. secs.* 693, 699, 700.

II.—We do not understand that the law regarding executory contracts for the sale of lands has been abrogated, and that every vendor is now a mortgagee.

In this case, the transaction between the parties was not in

the nature of a mortgage, and the action is in no respect in the nature of an action for the foreclosure of a mortgage, and hence the statutes of the State, in relation to the foreclosure and redemption of mortgaged premises, can have no bearing upon it.

III.—The Court below did not err in requiring the Appellant to pay the Respondents the $154 taxes paid by them.

1. The conditions of the bond required the Appellant to pay them.

2. *Sec.* 101, *p.* 244, *Pub. Stats.*, was in force at the time the Respondents paid the taxes in question, and *sec.* 105, *chap.* 1, *Laws* 1860, makes special reservation of the rights of parties acquired under the public statutes, prior to its passage.

3. We think the complaint sufficient to allow proof of the amount of taxes paid by the Respondents. At any rate, as no objection was taken in the Court below, on that account, it is too late to raise it in this Court.

BERRY & WATERMAN, Counsel for Appellant.

SARGEANT & FRANKLIN, Counsel for Respondents.

*By the Court*—EMMETT, C. J.—The Appellant founds his objections to the judgment rendered against him, upon four propositions or points, which may be stated as follows :

1st, That a bond conditioned for the conveyance of real estate, upon the payment of the purchase money at a future day, is in the nature of, and should be treated as a mortgage.

2d. That the judgment or decree asked for and obtained in this case, is in the nature of a strict foreclosure of a mortgage instrument, a remedy which he insists is obsolete under our practice.

3d. Admitting that a strict foreclosure may be had, still it will never be granted, except where the interest of the mortgagee would be materially and injuriously affected by a sale of the property.

4th. That the Court should not have made the repayment, by the Defendant, of taxes paid by the Plaintiffs, a condition

upon which he should yet be allowed to comply with the conditions of the bond.

Since this judgment was rendered in the Court below, the first of the points above named has been directly passed upon by this Court in the case of *Dahl et al. vs. Pross*, 6 *Min. R.*, 89, a case involving the same principles substantially as the present, and wherein it was held and decided that a bond, for the conveyance of real estate, differed widely from a mortgage, and could not be regarded or treated as such an instrument.  The same doctrine was recognized in the case of *Voss vs. De Freudenrich*, 6 *Minn. R.*, 95.  These decisions effectually dispose of the Appellant's first point, and go far towards settling the others also; for they all seem based upon the proposition that such a bond as that under consideration in this case, is in effect a mortgage simply.  We will however briefly allude to each in its order.

The second of these points is based upon a doubt which the Appellant seems to entertain as to whether, notwithstanding what was said in the opinion of this Court in *Stone vs. Bassett*, 4 *Minn.*, 298, a majority of its members hold that a mortgage may be strictly foreclosed in chancery.

We can only say as to this point, that whatever of doubts may have existed as to the decision referred to, they are, or ought to be, entirely dissipated by the report of the case of *Judd vs. Heyward*, 4 *Minn.*, 483, decided at the next succeeding term; in which each member of the Court, in a separate opinion, distinctly recognizes the right of the courts, in the exercise of their chancery powers, to decree the strict foreclosure of a mortgage in a proper case.

As to the Appellant's third point, we think that the time which shall in a given case be allowed the mortgagor after default, within which to redeem from the forfeiture of the mortgage, and by analogy to the obligee in a bond for the conveyance of real estate, within which to comply with the terms thereof, is wholly within the discretion of the Court, unless controlled by the statute, and that an appellate Court should never interfere, except an abuse of that discretion is clearly manifest.

But it may be urged there should be a uniform rule on this

subject. A mortgagee should not be permitted to secure a perfect title to the lands mortgaged, nor should the mortgagor be deprived of his interest therein, in a shorter time by way of strict foreclosure, than by means of a sale ordered by the Court, or made in pursuance of a power contained in the mortgage. And in regard to the rights and remedies of parties to a bond for a conveyance, (which, though in strictness a mere agreement to convey and not a mortgage, yet in effect answers the same end, and is used indifferently by parties instead of that instrument to effect the same object,) it may be claimed that the interest of the obligee should not be divested in a shorter time than if a mortgage had been given ; and the more especially where, as in this case, a considerable portion of the purchase money has been paid.

These objections are formidable when addressed to the legislature, and are entitled to consideration by the courts whenever they fix a time before which the equity of redemption shall not be foreclosed, or the bond cancelled ; but so long as the law making power does not attempt to control the discretion which the courts have heretofore exercised in this particular, it is not the province of this Court to interfere except in extreme cases. They are obviated however to a considerable extent, by the power which the courts have of ordering a sale in any case ; and in my opinion, the objections might be wholly removed, if the courts would in analogy to the statutes concerning redemption from mortgage and judicial sales, give to the mortgagor before foreclosing the mortgage absolutely, or to the obligee of a bond like that under consideration in this case, before decreeing a cancellation of the bond, the same time given by law for redemption from sales. This, it seems to me, would effectually prevent a party from securing any permanent advantage by a mere choice of remedies, without working hardship or injustice to either, for whatever time the law gives in the latter instance must be construed to be reasonable, and could not therefore be deemed unreasonable in the former.

With regard to the Appellant's fourth and last objection, we think that when courts, in the exercise of their chancery powers, give time to delinquent mortgagors, or to the obligees

in title bonds, before foreclosing the equity of redemption, or cancelling the bonds, they may couple therewith such conditions as equity may require, and that it is not inequitable to require the repayment of such taxes as the other party may have had to pay in order to protect the estate.

The pleadings in this case show that the taxes accruing after the execution of the bond were to be paid by the Defendant; and if he neglected so to do, we cannot see why the Plaintiffs would not have the right to pay them themselves, and thus protect their interests from forfeiture to the State, especially after breach of the condition of the bond by the obligee, when he no longer had a *legal* right to, and might never insist on completing the purchase. Whether these taxes were levied, or paid before the default, or afterwards, does not appear; nor is any question made as to the amount paid or the regularity of the assessment, etc. The objection goes to the payment of any amount, under any circumstances, and is altogether too broad. If there are any presumptions, they are in favor of the finding and the judgment.

We do not wish however to be understood as holding that the Plaintiffs were lien holders under the statute, and as such might pay the taxes, and make the same a lien on the land; or that any person other than a mortgagee or lien holder would have the power thus to secure a lien. We simply decide that the Court, when it accords to a party thus in default the privilege of avoiding a forfeiture by yet complying with the conditions broken, within a specified time,—a privilege which he has no right to demand at law,—may attach to such privilege the condition that he shall do equity to the other party, by reimbursing such sums as may have been paid to protect the property from forfeiture for the non-payment of taxes. There can be nothing inequitable in this. On the contrary it would be unjust not to require it. The giving of time at all, to a party thus in default, was at first a matter of pure discretion with the chancellor. So long therefore as the mortgagor or obligee in a title bond could not under such circumstances demand the privilege as a right, it is clear that he could not be injured by any conditions which might be attached to it. And so too after the courts began to regard

vol vii.—40

such defaulting mortgagor or obligee as having a right in equity to a reasonable extension of time before foreclosuie, there still was nothing to prevent them from attaching thereto such conditions as might be equitable between the parties.

The judgment of the District Court must be affirmed.