### John M. Hunt *et al. vs.* Joseph P. Thwing *et al.*

Argued Oct. 14, 1892. Decided Dec. 5, 1892.

**Vendee must Perform, or Abandon the Purchase.**

    Where a contract for the sale of real estate is so defectively executed as not to be obligatory upon the owners thereof, who are nevertheless ready and willing and offer to ratify and fulfill the same, the vendee may be compelled by action to elect either to perform on his part, or abandon it, and surrender the possession and all rights under it.

Appeal by defendants, Joseph P. Thwing and Mary, his wife, from an order of the District Court of Hennepin County, *Hooker,* J., made June 21, 1892, overruling their demurrer to the complaint.

William Hunt of Onondaga county, N. Y., died testate February 10, 1888, seised in fee of eight lots in Minneapolis. His will was duly proved in the Surrogate Court of that state, and letters testamentary were issued to John Hunt and David F. Pulford. The will authorized the executors to sell and convey the testator's real estate. The will was also proved in the Probate Court of Hennepin county in this state on June 29, 1891, and the same men appointed exec-

utors here.   On September 8, 1891, the Probate Court by its decree
of distribution assigned these eight lots, pursuant to the provisions
of the will, to the eight children of the testator, giving to each an un-
divided eighth.

John Hunt, one of the executors, on April 1, 1890, made a con-
tract with Thwing and wife, to sell and convey to them these eight
lots for $3,500, payable in one year thereafter with interest at seven
per cent. a year.   The contract was recorded in the Registry of
Deeds of Hennepin county.   Thwing and wife conveyed all their in-
terest in the property to Hillside Cemetery Association, and it plat-
ted the land, with other contiguous lands, into a cemetery.   But the
purchase price fell due and was not paid.   The executors and eight
children made and tendered a deed of the lots to Thwing and wife
and to the Hillside Cemetery Association and demanded the $3,500
and interest, but the money was not paid.   Thereupon the eight
children, as plaintiffs, brought this action against Thwing and his
wife and the Cemetery Association, stating these facts and asking
judgment fixing a time within which defendants pay the price, and
adjudging that if they failed to pay within such time, that the con-
tract be canceled and the defendants put out of possession.

Thwing and his wife demurred to the complaint, and so did the
Cemetery Association on the ground that it did not state facts suffi-
cient to constitute a cause of action.   These demurrers were over-
ruled and the defendants separately appealed to this court.

*Boardman & Boutelle,* for appellants.

The resort to equity for cancellation of a real estate contract is
proper only when such instrument constitutes a cloud upon title, and
a complaint which fails to show that an instrument constitutes a
cloud, fails to state facts sufficient to constitute a cause of action.
*Maloney* v. *Finnegan,* 38 Minn. 70; *Griswold* v. *Fuller,* 33 Mich.
268.

The foreign will was ineffectual as to lands in this state, until
probated here, and no power with reference to lands here, was
vested in the executors nominated, till they had qualified here, as

provided by law. The contract in question was made April 1, 1890,. before the will was probated in this state, and the executors did not qualify in this state until June 29, 1891. The contract to sell was, therefore, an attempt to execute a power with which the executors were not invested. Being made before the will was pro-- bated and the executors invested with any powers thereunder, it was the individual act of the signing executor, not binding upon the estate or estopping the executors on their subsequent qualifi- cation from setting up its unauthorized character. *Gilkey* v. *Ham-- ilton,* 22 Mich. 283.

The power of sale was vested in two executors, both of whom: qualified and were acting as such in New York at the date of the- contract, but the contract was signed by one only. When a power- is vested in several persons, all must unite in its execution. 1878- G. S. ch. 44, § 39; *Wilder* v. *Ranney,* 95 N. Y. 7; *Simpson* v. *Cook,*. 24 Minn. 180.

Nor does the complaint state facts sufficient to constitute a cause- of action in ejectment. A present ownership in fee simple and a. right to the immediate possession of real property on the part of- the plaintiffs is not averred. Plaintiff's allegations that Wm. Hunt died seised of the premises in question, February 10, 1888, that by his last will and testament he devised said premises to plain-- tiffs, that on September 8, 1891, the Probate Court of Hennepin county decreed the premises in accordance with said will in plain-- tiffs, cannot by any possible construction be made allegations of present ownership or right of possession. The allegation of title in plaintiffs some time anterior to the commencement of the action,. does not show title and right of possession when the action is com-- menced. *Armstrong* v. *Hinds,* 8 Minn. 254, (Gil. 221;) *Miller* v.. *Hoberg,* 22 Minn. 249.

*John E. Waters,* for respondents.

Defendants have failed to comply with the terms upon which they were to acquire title to the land; they have broken their contract, and as in other cases of breach of contract, the party aggrieved is.

entitled to a remedy. A not unreasonable remedy would be, to require the defendants to pay as they have agreed to do, or to abandon the contract. *Denton* v. *Scully*, 26 Minn. 325; *Dahl* v. *Pross*, 6 Minn. 89, (Gil. 38;) *Nelson* v. *Hanson*, 45 Minn. 543; *Holingren* v. *Piete*, 50 Minn. 27.

The will at the date of the contract showed the power of sale to be vested in both executors, and it is not equitable to permit defendants to question in this action the authority of one executor to sell this land, when the heirs, the parties he represented, are offering to defendants all they agreed to buy, with the proviso that they can take it or leave it, but must do the one or the other.

VANDERBURGH, J. The plaintiffs are the executors and heirs at law of John Hunt, late of the state of New York, deceased, who died seised of the lands in controversy. By his will, alleged to have been duly probated in the county of Onondaga, in that state, his executors were authorized and empowered to sell and convey, in their discretion, any or all of his real estate. In pursuance of the power, one of the executors entered into a contract with the defendants for the sale of the land in consideration of the payment of the purchase price therein named on or before one year from the date of the contract, April 1, 1890. The defendants have made default in the payment of the purchase money, and the plaintiffs, who are all the parties interested, come into court, and ask that the court fix a time within which the defendants shall be required to perform on their part, and pay up the amount due according to the terms of the contract, or, in default thereof, that the contract be annulled, and the plaintiffs restored to their rights in the premises, including the possession. The demurrer to the complaint was properly overruled. The plaintiffs are willing to abide by the contract, and comply with its terms, and acknowledge and affirm its validity, and have a right to demand that the defendants perform or abandon it and all rights thereunder, including the possession.

It is not simply the case of the cancellation of a contract as a cloud upon the title of plaintiffs, but rather the foreclosure of a con-

tract, the validity of which they do not question, for the default of the defendants, in accordance with the practice recognized in *Drew v. Smith,* 7 Minn. 301, (Gil. 231.)

Order affirmed.

NOTE. The appeal of the Hillside Cemetery Association from the order overruling its demurrer to the complaint was argued here at the same time and follows the foregoing.

Order affirmed.

(Opinion published 53 N. W. Rep. 870.)