RICHARD FREEBORN, Appellant, against AMOS PETTIBONE, Respondent.

APPEAL FROM THE DISTRICT COURT OF GOODHUE COUNTY.

The act of March 10, 1860, (*Session Laws of* 1860, *p.* 275,) known as the "Three Years' Redemption Law," applies to sales made by order of the Court, after the passage of the act, in actions to foreclose mortgages, whether the mortgages were executed before or after the law was enacted. A purchaser under the sale has no right to the possession until after default in paying interest and taxes, and no default can be made before the end of the first year.

This is an appeal from an order directing that a writ of possession issue in favor of the above named Respondent and against the Appellant, in an action commenced in the District Court for Goodhue County, on the 12th day of March, A. D. 1859, to foreclose a mortgage wherein the Respondent was Plaintiff, and the Appellant (who was interested in the mortgaged premises as a *bona fide* purchaser thereof,) was, with others, Defendants.

That such proceedings were had in such foreclosure suit that a decree was made therein on the 5th day of January, 1860.

34

That the sale of said mortgaged premises under said decree was made on the 16th day of June, 1860, and the writ of possession appealed from bears date and was made January 10, 1861.

The Appellant makes and relies upon the following points:

I. That the sale of the mortgaged premises having been made under a decree of Court, on the 16th day of June, 1860, the rights of the Respondent, who was the purchaser at the sale, and the rights and equities of the Appellant, are to be determined by and under the law of March 10, 1860, known as the Three Years' Redemption Law.

II. That the Appellant, not being the mortgagor, but a *bona fide* purchaser of the mortgaged premises before the sale or commencement of suit, is entitled to the fullest benefit of the provisions of said law.

III. That the Appellant was lawfully entitled to the possession of the mortgaged premises so sold for one year after said sale, and that the granting of the writ appealed from was premature.

Authorities relied upon—*Heyward vs. Judd*, 4 *Min.* 483, and *Bassett vs. Stone*, 4 *Min.* 298.

Wm. W. Phelps, Counsel for Appellant.

McCluer & Parker, Counsel for Respondent.

*By the Court*—Emmett, C. J. This is an appeal from an order, made in an action to foreclose a mortgage, directing the purchaser to be put in possession of the mortgaged premises, they having been previously sold, by decree of the Court, to satisfy the mortgage. The sale was was made on the 16th day of June, 1860. The order appealed from was obtained January 10, 1861. The Appellant was a Defendant in the action, and in possession under a conveyance from the mortgagor made prior to the commencement of suit. The Respondent was the Plaintiff in said action, and the purchaser of the premises at the sale ordered by the Court.

The question here presented was before this Court in the cases of *Bassett vs. Stone*, 4 *Minn.* 298, and *Heyward vs.*

*Judd, id.* 483.    In the latter case it was elaborately argued and patiently considered, and, although its decision was not absolutely essential to the determination of that case, yet, for reasons given in the opinion then delivered, we stated the conclusions to which we arrived.

We there held that the act of March 10, 1860, (*Session Laws* 1860, *p.* 275,) commonly called the Three Years' Redemption Law," applied to sales made, after its passage, by order of the Court, in actions to foreclose mortgages, whether the mortgages were executed before or after that law was enacted; and a re-examination of the question in the present case only serves to confirm us in this opinion.

The Act referred to expressly provides that the mortgagor, or any one claiming through or under him, shall be entitled to the possession, rents, use and profits of the real estate so sold, until the time of redemption [three years] expires; provided only that at the end of each year he pay the interest and taxes specified therein.

In this case, the sale having been made after the passage of this act, the Appellant, as the grantee of the mortgagor, was entitled to the possession during the first year after the sale in any event; and as he was not in default in any way at the time the order was made allowing to the purchaser a writ of possession, the order was improvidently made and must be reversed.    The purchaser had no right to the possession until after default in paying interest and taxes, and as default could not be made before the end of the first year, the Court had no right to make such an order before that time expired.