AULTMAN, MILLER & COMPANY v. W. D. MARKLEY and Another.
(ST. PAUL FIRE & MARINE INSURANCE COMPANY, Garnishee.)[1]

June 20, 1895.

Nos. 9328—(165).

**Garnishment—Appearance of Garnishee.**

> If the court has jurisdiction of the person of the defendant, the voluntary appearance and disclosure of the garnishee waives, as to him, the defects in the affidavit of garnishment.

**Same—Affidavit.**

> In an action against two defendants, an affidavit of garnishment which states that the garnishee "is indebted to the said defendants in an amount exceeding the sum of fifty dollars" is sufficient to charge the garnishee for a debt due from him to one of the defendants alone.

Appeal by plaintiff from an order of the district court for Hennepin county, Hicks, J., discharging St. Paul Fire & Marine Insurance Company, garnishee. Reversed.

*Harrison & Noyes,* for appellants.

*Kueffner & Fauntleroy,* for respondent garnishee.

CANTY, J. This is an appeal by plaintiff from an order discharging the garnishee. In September, 1892, plaintiff commenced an action against the defendants, W. D. and J. C. Markley, to recover a sum of money due from them on a joint contract. At the same time plaintiff filed an affidavit for garnishment, which, so far as here material, reads as follows: "That affiant believes that The St. Paul Fire & Marine Insurance Company has property, money, or effects in its hands, or under its control, belonging to W. D. Markley and J. C. Markley, the defendants in this action, exceeding fifty dollars in value, and that said The St. Paul Fire & Marine Insurance Company is indebted to said defendants in an amount exceeding the sum of fifty dollars." The garnishee summons was duly served on said insurance company on September 24, 1892; and on October 22, 1892, plaintiff's attorney made and filed an affidavit stating that neither of the defendants is a resident of this state, or within the same. On October 22, 1892,—the return

. [1] Reported in 63 N. W. 1078.

day named in said garnishee summons,—the taking of the disclosure was by the court referred to the clerk; and pursuant thereto the garnishee duly appeared before the clerk of the court, and disclosed an indebtedness owing from the garnishee to the defendant W. D. Markley alone. The clerk filed his report of the disclosure October 29, 1892. Thereafter, on December 16, 1892, the defendants served their answer in the main action. Thereafter, on December 23, 1893, the defendants withdrew their answer, and consented that plaintiff have judgment for the amount claimed, which judgment was entered December 26, 1893.

Nothing appears to have been done in the garnishment proceedings, after the filing of the report of the clerk as aforesaid, until March, 1894, when plaintiff moved the court to be allowed to introduce additional evidence, and that the garnishee be ordered to make a further disclosure. On the hearing the court so ordered. Thereupon the plaintiff and garnishee stipulated that certain facts recited should be taken as the evidence received on such further disclosure. Thereafter, in October, 1894, the plaintiff moved for judgment against the garnishee, and on the hearing the court below made an order discharging the garnishee.

Counsel for the respondent garnishee attempt to justify this order on the grounds (1) that the affidavit for garnishment is defective, and gave the court no jurisdiction; and (2) that the debt disclosed is not one due the defendants jointly, but a debt due W. D. Markley alone. It would seem, from the memorandum of the judge who made the order, that these are the grounds on which he discharged the garnishee.

1. As to the first ground of objection to the garnishee's affidavit, it is urged that the affidavit is in the alternative. It states that the garnishee "has property, money, or effects in its hands, or under its control," etc. On the authority of Prince v. Heenan, 5 Minn. 279 (347), it is contended that the affidavit is void, and gave no jurisdiction to the court over the garnishee, and that the garnishee did not waive this want of jurisdiction by disclosing before the clerk. It will be observed that the last ground in this affidavit on which the garnishee is charged—that of indebtedness to defendants—is not in the alternative. But we are of the opinion that Prince v. Heenan should not be followed.

If the defendants are nonresidents, or if personal service cannot be had on them in the main action, so that the action is merely one in rem,—against the property or assets in the hands of the garnishee,—then the garnishee affidavit is the foundation of both the main action and the garnishment proceeding, and is jurisdictional. Jurisdiction of the res cannot be obtained by proceedings in personam against the garnishee alone. To get jurisdiction over the res by proceedings in personam, jurisdiction must be acquired over the persons of both the defendant and the garnishee. If personal jurisdiction is acquired over the garnishee, but not over the defendant, the plaintiff must still proceed in rem against the effects in the hands of the garnishee.

But, when the court already has jurisdiction of the person of the defendant, the proceedings against the garnishee are much in the nature of proceedings to bring in additional parties defendant, and in such a case, when the garnishee is brought in, the action is in personam, as to all the parties, and takes on a double aspect,— that of an action against the defendant to recover judgment for the debt, and that of a sort of a creditors' bill against him and the garnishee, to reach assets in the hands of the garnishee, to be applied in satisfaction of the judgment. In such a case the garnishee affidavit and summons are the process by which personal jurisdiction is obtained over the additional party, the garnishee, and, as to himself, he may waive such process by voluntarily appearing.

It is true that the garnishee cannot waive the rights of the defendant. The defendant, as well as the garnishee, may object to the failure to file a proper affidavit; and the defendant is, in certain cases, entitled to notice of the bringing in of the garnishee, and of the time set for the disclosure. But, if personal jurisdiction has been obtained over the defendant, none of these steps are jurisdictional, as to him. On the contrary, the failure to take these steps properly, is, as to him, a mere irregularity occurring after jurisdiction has been once acquired, and does not render void a judgment charging the garnishee, but such judgment is binding on all the parties until set aside. So far as Prince v. Heenan is in conflict with this position, it should be overruled. In fact, it is really in conflict with the doctrine of later cases. See Hinkley v. St. Anthony Power Co., 9 Minn. 44 (55), and Howland v. Jeuel, 55

Minn. 102, 56 N. W. 581. Since the above was written, we have found the case of Wilson v. Hefflin, 81 Ind. 35, which proceeds on substantially the same line of reasoning.

It is urged by respondent that said order for further disclosure, and said stipulation as to the same, expressly reserve all objections to the jurisdiction of the court in this matter. In answer to this, we will say that there were no such objections to reserve. They had been waived about 17 months prior to that time by the voluntary appearance of the garnishee. The objection which the garnishee here urges was made for the first time on the motion for judgment against it as garnishee,—more than two years after it had voluntarily appeared and waived such objection.

2. The affidavit of garnishment states that the garnishee "is indebted to said defendants in an amount exceeding the sum of fifty dollars," but does not otherwise state that the garnishee is indebted to the defendant W. D. Markley, or to him alone. It is contended that no debt can be garnished by this affidavit but a debt due to the defendants jointly; that by this affidavit the garnishee is not charged as debtor of W. D. Markley alone. Counsel ask, could W. D. Markley and J. C. Markley have sued, and successfully maintained an action against the garnishee, for the indebtedness disclosed? They certainly could, if the facts were truly stated, and no objection was taken for misjoinder of parties plaintiff for two years after the defendant answered and went to trial.

But the statute does not contemplate the stating of distinct and specific causes of action in the affidavit, as claimed by counsel. The ordinary rules of pleading do not apply. If they did, the garnishee could not, in the same garnishment proceeding, be charged for specific personal property belonging to the defendant, and for a debt due the defendant not growing out of the same transaction. Neither could the garnishee be so charged, in the same proceeding, for a debt due from him to both defendants, and also for a debt due from him to one of the defendants, and an affidavit which so charged would, on its face, be subject to the objection of misjoinder of causes of action. Yet counsel for respondent garnishee claim that this affidavit should have charged a separate debt due to W. D. Markley, as well as a joint debt due both defendants. We are of the opinion that in this respect the affidavit is sufficient.

When the affidavit contains all the terms of the statute, connected by conjunctives, not by disjunctives, we are of the opinion that, under the rules which should be applied to the summary proceeding of garnishment, it covers all property, effects, and indebtedness in the hands of the garnishee which can, by garnishment proceedings, be appropriated to the payment of the plaintiff's judgment against the defendant. The indebtedness here disclosed is covered by the last part of the affidavit of garnishment above quoted, and, as we have before stated, this part of the affidavit is not in the disjunctive, and is not affected by the fact that the first clauses of the affidavit are. Some of the authorities cited by counsel are cases where an attempt was made to appropriate in satisfaction of the plaintiff's demand a debt due from the garnishee to the defendant and a third person, as partners. That is a very different case from this.

This disposes of the case, and the order appealed from is reversed.