S. E. OLSON COMPANY v. WILLIAM B. BRADY and Others.

April 19, 1899.

Nos. 11,186—(31).[1]

**Garnishment.**

A garnishment proceeding is not a separate or independent action. It is incidental to the main action against the defendant.

**Same—Supplemental Complaint—Judicial Notice of Judgment.**

Where a supplemental complaint is filed against the garnishee, and issues tried between him and the plaintiff in the action, the court will take judicial notice of the entry of judgment against the principal defendant.

**Same—Goods on Storage—Loss while Insured—Absolute Liability.**

The garnishee herein received certain goods for storage, and agreed unconditionally to indemnify the owner against the loss thereof by fire. The goods were totally destroyed by fire while so in his possession. *Held*, that when the loss occurred the liability of the garnishee for the value of the goods became absolute, and that judgment herein against him as garnishee was correctly ordered.

**Findings Sustained by Evidence.**

Evidence *held* to sustain the findings of the trial court.

Action in the municipal court of Minneapolis against William B. Brady and Sarah R. Brady, defendants, and Willard W. Morse, doing business as Security Warehouse Company, garnishee. Upon issues between plaintiff and its garnishee the court, W. A. Kerr, J., ordered judgment in favor of plaintiff, and from an order denying a motion for a new trial, the garnishee appealed. Affirmed.

*Penney & McMillan*, for appellant.

*Flannery & Cooke*, for respondent.

[1] April, 1899, term.

START, C. J.

The plaintiff commenced an action for the recovery of money against the defendants, and summoned Willard W. Morse, doing business as the Security Warehouse Company, as garnishee, who appeared and made disclosure, denying liability. Thereupon the court made its order, granting the plaintiff leave to make, file and serve a supplemental complaint against the garnishee, which was done, and the garnishee answered the complaint. The cause, as between the plaintiff and garnishee, was tried by the court without a jury.

The other material facts, as found by the trial court, briefly stated, are these: The defendants, on May 6, 1896, executed their promissory note to the plaintiff, and thereby, for value, promised to pay the plaintiff $150 in 60 days, and the defendant William B. Brady at the same time executed to the plaintiff a chattel mortgage, which was duly filed, on certain household goods and furniture to secure the payment of the note. The defendant William B. Brady, on May 15 next thereafter, delivered the furniture and goods to the garnishee for storage in his warehouse under an agreement wherein and whereby he agreed to store the property, and insure the same to the amount of $200, for the agreed compensation of $2 per month, while the goods remained in his possession, which rate the defendant Brady agreed to pay, and did pay, for such storage and insurance of the property for two months, and to July 15, 1896. The garnishee executed a warehouse receipt to Brady, a copy of which is made a part of the court's findings. On the next day the defendants, as security for the payment of this note to the plaintiff and certain other indebtedness due from them to it, assigned to it all of their right and title to the goods described in the warehouse receipt as such security, and not otherwise. The goods remained in the warehouse of the garnishee until they and it were both destroyed by fire, on July 10, 1896. Such furniture and goods of the defendant so destroyed by fire were of the reasonable value of $200. The garnishee has never accounted to defendants, or either of them, or to the plaintiff, for the loss by fire of the property so stored with him. The warehouse receipt referred to in the findings described the goods received for storage, and contained a number of printed

conditions exempting the warehouseman from liability for various causes, including loss from fire, but there was written upon the receipt the words: "Insured $200.00, premium included in above rate of storage."

The trial court further found that the plaintiff recovered judgment in the main action against the defendants on June 17, 1897, for $181.54, no part of which has been paid. As a conclusion of law, the trial court directed judgment for the plaintiff against the garnishee for $181.54. The garnishee appealed from an order denying his motion for a new trial.

1. The first alleged error urged is that the supplemental complaint was filed in the garnishment proceeding, and not in the main action; hence the trial court "was without jurisdiction to receive a supplemental complaint in the garnishment proceeding, and the hearing had thereon was void."

The record shows that the plaintiff made a motion in the main action for leave to file a supplemental complaint against the garnishee, and that the court made its order granting the motion; that the supplemental complaint was filed, and service made on the garnishee, who answered without objection. But, if the record did not so show, the claim that the supplemental complaint was filed in the garnishee proceedings, and not in the main action, is a legal solecism; for, under our statute, the garnishee proceedings are a part of the main action, and if the supplemental complaint, which is but a continuation of the garnishee proceedings, was filed in the latter proceedings, it was necessarily filed in the main action. A garnishment proceeding is not a separate or independent action, but is incidental to the original or main action against the defendant. G. S. 1894, §§ 5306–5319; Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078. In the case cited it was expressly held that, if personal jurisdiction is obtained of the defendant in the main action, any subsequent irregularity in the garnishee proceeding does not render the judgment against the garnishee void. Such could not be the case if the garnishee proceeding was a separate action.

2. It is further claimed that there is no evidence in the record to support the court's finding that judgment had been rendered

against the principal defendants. It was not necessary to offer any evidence on this point; for there was but one action, and the court was bound to take judicial notice of the entry of the judgment therein. The case of Packard v. Laev, 100 Wis. 644, 76 N. W. 596, is not in point; for by the statute of Wisconsin proceeding by garnishee process is deemed the commencement of a separate suit. Atchison v. Rosalip, 3 Pinney, 288; Malley v. Altman, 14 Wis. 24.

3. The garnishee next contends that the alleged contract as to the insurance of goods stored with him did not insure them against fire, and urges various objections as to its validity, if it is to be treated as a contract of insurance against fire.

It is unnecessary to specify in detail these objections; for the findings of the trial court on this question, although in some material respects a departure from the pleadings, render the objections untenable. The trial court found that the garnishee made an absolute agreement with the defendants, not only to store the goods, but to insure the same to the amount of $200, and that they were totally destroyed by fire at a time when the insurance was in force. These findings, in connection with the fact that the premium for insurance was included in the storage rate, reasonably admit of only one construction, which is that the garnishee agreed unconditionally to indemnify the defendants against the loss of the goods by fire while they were so stored with him. When the loss occurred, the liability became absolute. The claim against the garnishee on account of the loss was not a contingent one. These findings are not challenged by the garnishee as not supported by the evidence, nor are they objected to in any manner. They are therefore conclusive as to what the contract of the parties was.

4. The last claim urged is that there is no evidence to sustain the finding of the trial court as to the value of the goods at the time of the fire. The evidence tends to show that when the garnishee received the goods their value was $235 to $250. They were not perishable goods, and there was neither evidence nor claim on the trial that there was any change in their condition or value while in possession of the garnishee, which was less than two months. The evidence supports the finding.

Order affirmed.