WEBSTER MANUFACTURING COMPANY v. WILLIAM M. PENROD.[1]

December 27, 1907.

Nos. 15,510—(128).

**Garnishment.**

A garnishee summons is issued when delivered by the plaintiff, or his attorney, to the proper officer for service upon the garnishee, and, when the writ is sent to the officer by mail, delivery is not completed until received by him.

**Same—Failure to Serve Defendant.**

Failure to serve upon the defendant a proper copy of the garnishee summons and notice of the time of disclosure is not a jurisdictional defect, such as to render void a judgment entered against the garnishee upon the disclosure. But the garnishee proceedings may be dismissed, and the garnishee discharged, on motion of defendant, specially appearing for that purpose.

Action in the district court for Benton county to recover $3,994.59. William Trolander having been served with garnishee summons, defendant appeared specially and moved to dismiss the garnishment proceedings. From an order, Taylor, J., dismissing these proceedings, plaintiff appealed. Affirmed.

*John A. Senn* and *James E. Jenks,* for appellant.

*J. D. Sullivan,* for respondent William Penrod.

LEWIS, J.

April 25, 1907, appellant, through its attorney, J. A. Senn, residing at Sauk Rapids, commenced this action against defendant by filing its complaint in the office of the clerk of court of Benton county, where defendant resided. On the day previous, April 24, the attorney drew up an affidavit for garnishment, and a garnishee summons, naming respondent, William Trolander, as garnishee, and on the same day duly mailed the affidavit to the clerk of court at Foley, the county seat, and duly mailed the garnishee summons to the sheriff of Hennepin county, wherein the garnishee resided, with directions to serve the same. The affidavit was received and

[1] Reported in 114 N. W. 257.

filed by the clerk April 25, and on the same day the garnishee summons was received by the sheriff of Hennepin county, and duly served on the garnishee. A copy of the garnishee summons and notice to defendant, in the usual form, with certain exceptions, was personally served on the defendant in Benton county. The copy so served was dated May 15, 1907; but it does not appear at what date it was served, and, as appeared from the copy of the summons, was signed: "W. B. Callahan, Sheriff of Benton County." On the return day named in the garnishee summons, May 21, 1907, the garnishee and defendant appeared specially by counsel, and moved to dismiss the garnishee proceedings, on the ground that the court had no jurisdiction, for the reason that the garnishee summons was issued before the affidavit for garnishment had been filed, and objected to any further proceedings upon the ground that the copy of the garnishee summons, and the notice to defendant, was not signed by any officer or person having authority to sign it. After making such special appearance and motion, the defendant refused to participate further in the matter, or to recognize the jurisdiction of the court. However, the disclosure of the garnishee was taken, and plaintiff thereafter moved for judgment against the garnishee upon his disclosure, whereupon the court granted the motions for dismissal above mentioned, and discharged the garnishee, from which order plaintiff appealed.

1. The first question which we will consider was not passed upon by the trial court, and is not necessary to a decision here; but we decide it in order that a disputed question of practice may be settled. For the purposes of this case, we shall assume that the affidavit was received and filed by the clerk of court before the garnishee summons was received by the sheriff of Hennepin county.

The statute with respect to the summons (section 4229, R. L. 1905) reads in part: "In an action in a court of record or justice court for the recovery of money, if the plaintiff, his agent or attorney, at the time of issuing the summons * * * files with the clerk of the court * * * an affidavit stating * * * a summons may be issued against such person as hereinafter provided. * * *" The method of issuing the summons as "hereinafter provided" is

prescribed by section 4231, as follows: "In actions in the district court such summons may be issued by the plaintiff, or his attorney in the action, and shall be served and returned in the same manner as a summons issued against a defendant, except that the service shall be personal. * * *" It is reasonable to infer that it was the intention to make all provisions of the statute with reference to the district court summons, not inconsistent, applicable to the garnishee summons. If the words contained in section 4231, "such summons may be issued by the plaintiff or his attorney," refer merely to the manner in which the garnishee summons shall be signed so that it may correspond with the district court summons in that respect, it is evident that such was not the meaning intended by use of the word "issued" in section 4229. The mere subscribing of a summons, without taking any steps to indicate an intention to have it served, is not an issuing of the writ, either as prescribed by statute or as the term is generally understood when used with reference to the commencement of actions.

An action is commenced when the writ is issued, unless otherwise provided by statute. Wood, Lim. (3d Ed.) § 289. The date of the writ is only prima facie evidence of the time it issues, and is not conclusive. Id. § 291. A process is issued, according to the authorities cited by Mr. Wood, when filled out and completed with an intention to have it served; and, in any event, it is issued when given to an officer for service or when deposited in a place designated by an officer for that purpose. Id. § 289. Section 4081, R. L. 1905, provides that "an action shall be considered as begun against each defendant when the summons is served on him * * · * or is delivered to the proper officer for such service." By analogy, at least, if not by express legislation, proceedings against the garnishee may be considered commenced when the garnishee summons is placed in the hands of the proper officer for service. If a writ or notice is issued when it is placed in the hands of the officer for service, then it is immaterial what agency may be selected for that purpose by plaintiff or his attorney. It is a matter of intention; and in this case the test is not necessarily whether or not the attorney temporarily parted with control over the document

at the time he placed it in the post office at Sauk Rapids. It was his intention to have the writ served the next day, and, to a certain extent, it was still under his control. By this we do not mean that he could recall the letter from the mail or prevent its delivery. He could have stopped service of the writ by telegraph or by special messenger, if he had reason to believe the affidavit would not be received and filed by the clerk on time. As bearing on the attorney's intention, there is no substantial difference whether he sent the writ to the sheriff by mail, sent a clerk or messenger with it, or took it personally.

Upon this phase of the question we refer to the case of Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454, where this court had under consideration the validity of the service of a notice to terminate a lease, and held: "If the notice was delivered to and received by him within the required time, it is immaterial whether it was delivered to him by the postman or any other agency; for the essential thing is that he received the notice in due time. When the plaintiff selected the mail as the agency for delivering the notice to the defendant he took the risk of its coming into his hands in due time." The service was held good upon the ground that the notice was actually delivered to the defendant within the required time. A case very nearly in point is that of Jewett v. Greene, 8 Me. 447. There the process was sent by mail to an officer for the purpose of service, and by some accident it failed to arrive in time. It was held that the agency selected for the transmission of the writ to the officer was that of the plaintiff's selection, and that it was incumbent upon him to show that the writ would have been received by the officer in time had it not been for the unforeseen event. Our conclusion is that the garnishee summons in question was not issued until received by the sheriff of Hennepin county at Minneapolis on April 25.

2. Section 4231 provides that a copy of the summons, together with a notice to defendant, stating the time, place, and manner of service thereof upon the garnishee, signed by plaintiff or his attorney, or the person or officer who served the summons upon the garnishee, requiring defendant to appear and take part in such ex-

amination, shall be served upon the defendant at least ten days before the time specified in the summons for the appearance of the garnishee. As already stated, the copy of the garnishee summons, as served on defendant, was not signed by the proper officer, and the time of service upon the garnishee was not stated. If personal service is made upon defendant in the main action, then the several steps necessary in the garnishee proceedings are not jurisdictional as to him, and a judgment rendered in such proceedings cannot be attacked upon jurisdictional grounds. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078; S. E. Olson Co. v. Brady, 76 Minn. 8, 78 N. W. 864. If the defendant had not specially appeared and moved to set aside the garnishee summons, a judgment subsequently entered against the garnishee would not have been void. The defects were not jurisdictional, but it does not follow that the same could not be taken advantage of by defendant. The statute specifically requires that the defendant in the principal action shall have notice of the time when the garnishee disclosure takes place. There is excellent reason why he should have an opportunity to be present and protect his property interests. While the defendant may waive the notice, he has the right, if objection is seasonably made, to insist that the statute be complied with. Any other view of the matter would render the statute meaningless, and on this ground the trial court was correct in dismissing the proceedings and discharging the garnishee.

Affirmed.

BROWN, J.

I concur in the result, but not in the conclusion reached in the first subdivision of the opinion.

After a letter is placed in the post office, it passes out of the control of the sender and into that of the person to whom it is addressed, and the former has no right to intercept or recall it, or direct its delivery to some other person. U. S. v. Nutt, 6 Am. L. Rec. 302, Fed. Cas. No. 15,904; Com. v. Wood, 142 Mass. 459, 8 N. E. 432; 7 Op. Atty. Gen. (U. S.) 76. From this it follows that when plaintiff's attorney mailed the garnishee summons to the sheriff of Hennepin county with directions to serve it, it

passed out of his control and into the control of the sheriff, and hence was in legal effect delivered to the sheriff at the time it was so mailed. This is the rule applied in actions involving the statute of limitation. An action is deemed commenced when the summons is issued and delivered to the sheriff with instructions to serve it, and the courts hold that it is so delivered when mailed, though it may not reach the officer until the cause of action has become barred by lapse of time. Jackson v. Brooks, 14 Wend. (N. Y.) 649; Burdick v. Green, 18 Johns. (N. Y.) 14. The suggestion in the opinion that in this case the attorney could have recalled the summons after it reached the sheriff is of no force, inasmuch as it was mailed with instructions to serve, and it was not, in fact, recalled.

A petition for a reargument having been filed, the following opinion was filed on January 13, 1907:

PER CURIAM.

In his petition for reargument appellant calls attention to the fact that the court did not consider sections 4235 and 4245, R. L. 1905, in connection with section 4231. No reference was made to section 4245 in the briefs, and it is only for the purpose of removing the possible inference that the decision might have been different that we now give those sections consideration.

Section 4235 has no application whatever, and merely provides that if the defendant does not appear at the time and place specified in the summons for the appearance of the garnishee, and if it appears that the plaintiff has been unable to notify him, the examining officer may postpone the examination for such reasonable time as may be necessary for that purpose. In the case before us the defendant was notified and appeared specially. Section 4245 was enacted in connection with section 4231, and hence both must be construed together. We are of opinion that section 4245 was intended merely for the convenience or accommodation of the garnishee. Under the conditions thereby imposed, the garnishee may make his disclosure at an earlier date than that named in the garnishee summons; but it was not intended to do away with the ser-

vice of the summons upon the defendant, nor to prevent the defendant from appearing at the time specified in the summons and insisting on his rights, as provided by section 4231.

Petition denied.