## WIPPERMAN MERCANTILE COMPANY v. A. B. JACOBSON.[1]

June 23, 1916.

Nos. 19,747—(139).

**Jurisdiction over nonresident — amount of judgment — garnishment.**

1. Impounding the property of a nonresident by garnishment and serving the summons in the main action upon him by publication gives jurisdiction to render a judgment binding upon him to the extent of the property so impounded.

**Garnishment — service of notice on such defendant.**

2. Service of notice to appear and take part in the examination of the garnishee, and of an application to file a supplemental complaint against the garnishee, is not necessary to bring defendant into court as he is already in court so far as the property seized by the garnishment is concerned.

**Revised Laws 1905 — construction of revision.**

3. The statutes embodied in a general revision of the laws are presumed not to have changed the prior laws, unless such intention clearly appears; and in ascertaining the intention of the legislature recourse may be had to the report of the revising commission taken in connection with the history of the law, the purpose sought to be accomplished by it, and the action of the legislature in changing or not changing the act as reported to them.

**Garnishment — affidavit of nonresidence of defendant.**

4. Prior to the revision of the laws in 1905, if an affidavit was filed that defendant was a nonresident and that the affiant believed that he was not within the state, it was not necessary to serve any notice upon

[1] Reported in 158 N. W. 606.

him in garnishee proceedings. In view of the history of the law, the purpose sought to be accomplished, the report of the commission that the effect of the law remained unchanged, the action of the legislature in enacting without change the laws so reported, and the presumption that obtains in such cases, it is *held* that such affidavit still has the same effect as before the revision, and relieves the plaintiff from the necessity of serving notice upon the defendant of an application for leave to file a supplemental complaint against the garnishee.

**Plaintiff not estopped by judgment in favor of purchaser.**

5. A judgment in favor of a purchaser of defendant's property on the ground that he was a *bona fide* purchaser thereof does not estop plaintiff from bringing proceedings to reach money in the hands of a third party paid by such purchaser for such property.

Action in the district court for Ramsey county to recover $434.66 upon a judgment against defendant entered in the state of North Dakota. John P. Galbraith and Northwestern Jobbers Credit Bureau were garnisheed and made disclosures. Plaintiff's motion to file a supplemental complaint and make J. P. Galbraith and Northwestern Jobbers Credit Bureau parties to the action was denied, Kelly, J. From the order denying the motion, plaintiff appealed. Reversed.

*J. A. Dwyer* and *D. E. Dwyer,* for appellant.

*Todd, Kerr & Fosnes,* for respondent.

TAYLOR, C.

Plaintiff obtained a judgment against defendant in the district court of the county of Richland in the state of North Dakota. Subsequently plaintiff brought this suit in the district court of Ramsey county in this state upon the North Dakota judgment, and garnisheed John P. Galbraith and the Northwestern Jobbers Credit Bureau. The defendant was not a resident of this state and the summons was served upon him by publication. At the time fixed for the garnishee disclosure, an affidavit that defendant was a nonresident and not within the state was filed by plaintiff as provided by G. S. 1913, § 7865. Galbraith, who is the manager and treasurer of the Northwestern Jobbers Credit Bureau, made the garnishee disclosure for himself and also for that company. From the disclosure it appears that defendant, who had been in business at Hankinson in North Dakota, became financially embarrassed and made an assignment to Gal-

braith of all his property in trust for the benefit of such of his creditors as should assent in writing to the terms and conditions of the assignment, and that Galbraith had converted the property into money, and, at the time of the service of the garnishee summons, had on hand, of the proceeds thereof, a sum far in excess of the amount of plaintiff's claim. The deed of assignment was attached to and made a part of the disclosure, and shows upon its face that the assignment was absolutely void as to non-assenting creditors. It further appears that the indebtedness to plaintiff accrued before the making of the assignment and that plaintiff has never assented thereto in writing.

Upon the disclosure and all the files and records, plaintiff made an application under G. S. 1913, § 7870, for leave to file a supplemental complaint against the garnishees. This application was denied on the ground that notice of the motion had not been properly served upon the defendant, and on the further ground that plaintiff is estopped from maintaining this proceeding by a judgment rendered by the North Dakota court. Plaintiff appealed.

The section of the statute cited requires that notice of the motion be served upon both the defendant and the garnishee, but contains no provision as to the manner in which such notice shall be served. No question is made as to the sufficiency of the service upon the garnishees, but the garnishees insist that personal service must be made upon the defendant before the court has jurisdiction to permit the filing of the supplemental complaint. If this contention be well founded, then in all cases in which a creditor has impounded property by garnishment but the garnishee denies liability, if the defendant does not appear and cannot be found, the creditor can proceed no further, but must abandon his attempt to reach his debtor's property. The garnishees contend that such is the state of the law; that, if defendant cannot be found, plaintiff cannot proceed against them, unless they see fit to admit liability. We are not of this opinion. We think our law is not so defective that a debtor by disappearing can put it beyond the power of his creditors to reach property of his which is in the possession of some one who will not admit it belongs to him. In the present case, defendant had left his former home in Hankinson, and after extended and persistent search and inquiry could not be found, so that personal service was impossible. If constructive

service were proper plaintiff has complied with all the requirements in respect to such service. Plaintiff placed the notice in the hands of the sheriff for service, who returned that the defendant could not be found. Upon this return and affidavits, showing the unavailing efforts made to ascertain the whereabouts of defendant and that he was a nonresident, plaintiff applied to the court for an order directing the manner of service, and the court directed that it be made by publication. Plaintiff caused the notice to be published as directed and also to be served personally upon the clerk of the court as well as upon the garnishees.

Although the impounding of defendant's property by garnishment and the service of the summons upon him by publication, did not give the court jurisdiction to render a judgment which could be enforced against him personally, it did give the court jurisdiction to render a judgment which could be enforced against the property so impounded, and which would be valid and binding against him to that extent. Cousins v. Alworth, 44 Minn. 505, 47 N. W. 169, 10 L.R.A. 504; Daly v. Bradbury, 46 Minn. 396, 49 N. W. 190; Spokane Merchants Assn. v. Coffey, 123 Minn. 364, 143 N. W. 915; Smith v. Smith, 123 Minn. 431, 144 N. W. 138, 52 L.R.A.(N.S.) 1061. The service of notice of the application for leave to file a supplemental complaint was not necessary to bring the defendant into court, for he was already in court so far as the property seized by the garnishment was concerned. As said in Trunkey v. Crosby, 33 Minn. 464, 23 N. W. 846, the notice "is not process, nor does it bring the party into court. The proceeding is already pending by service of the garnishee summons; and the application for leave to serve and the service of the supplemental complaint are only further continuations of such pending proceeding." See also S. E. Olson Co. v. Brady, 76 Minn. 8, 78 N. W. 864; Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078.

Our present law authorizing garnishee proceedings and prescribing the procedure therein was originally enacted in 1860, being chapter 70, p. 244, of the laws of that year. After providing for the manner in which the garnishee summons should be issued and be served upon the garnishee, the act provided in section 3 that "a copy of the summons together with a notice * * * stating the time, place and manner of service thereof upon the garnishee * * * and requiring such defendant to appear

and take part in the examination, shall be served upon the defendant at least ten days before the time specified in the same for the appearance of the garnishee." The act further provided in section 10 that, unless the defendant appeared, the disclosure of the garnishee could not be taken until proof had been filed that the garnishee summons and the notice required by section 3 had been served upon the defendant. The act further provided in section 12 that, where the garnishee claimed title to property under a conveyance from the defendant which the plaintiff believed void as to creditors of the defendant, the plaintiff, upon notice to the garnishee and to the defendant, might apply to the court for leave to file a supplemental complaint in the action making the garnishee a party thereto. Chapter 36, p. 85, of the Laws of 1864 amended section 10 of the act of 1860, by adding as a proviso thereto that, when the defendant did not appear and an affidavit that he was a nonresident and not within the state was filed, "it shall not be necessary to serve upon the defendant a copy of such garnishee summons, *or any notice to the defendant in such action in any court;* and the examination shall proceed in like manner as if the defendant had been duly served with such copy and notice, or had appeared at the time and place specified in the summons for the appearance of the garnishee." The provision in this amendment which we have italicised was evidently inserted therein for the purpose of relieving the plaintiff from the necessity of serving upon a nonresident defendant notice of an application for leave to file a supplemental complaint, as well as from the necessity of serving upon him notice to appear and take part in the examination of the garnishee. That provision remained unchanged until the enactment of the Revised Laws of 1905, a period of more than 40 years; and that it relieved the plaintiff from serving any notice in garnishment proceedings upon a nonresident defendant remained unquestioned, so far as the records of this court disclose, during all that time. The Act of 1860, with various verbal changes of no consequence here, was carried into the General Statutes of 1866, the General Statutes of 1878, and the General Statutes of 1894. Section 10 of the Act of 1860, including the proviso thereto added by the amendment of 1864, became section 5317 of the Statutes of 1894. The commission which prepared the Revised Laws of 1905 recast this section into the form in which it appears in section 4235 of that revision, being section 7865 of the General

Statutes of 1913.  The proviso to the section as so recast reads as follows: "Provided, that if the plaintiff, his agent or attorney, files with the examining officer an affidavit that the defendant is not a resident of this state, and is not within the same as affiant verily believes, the examination shall proceed as if the summons and notice had been served upon defendant or he had duly appeared."  In respect to the changes made in this section, the commission reported to the legislature . [p. 32] :  "It is believed that the effect of section 5317, which was not clear, has not been changed."  The legislature incorporated the section into the revised laws in the same form in which the commission reported it.  The other provisions hereinbefore referred to were incorporated into the revised laws without any substantial change.  Section 5317 of the Statutes of 1894, referred to in the report of the revision commission, provided that, where an affidavit of nonresidence was filed, it should not be necessary to serve "any notice to the defendant in such action in any court."  This of course did not refer to the service of the process by which jurisdiction over the defendant was acquired in the main action, but to notices required to be given after jurisdiction in the main action had been acquired. The garnishment proceedings are subsidiary to and a part of the main action, not an independent proceeding, and jurisdiction in the main action also gives jurisdiction over the defendant in the garnishment proceedings.  S. E. Olson Co. v. Brady, 76 Minn. 8, 78 N. W. 864.  The provision above quoted made it unnecessary to serve notice of an application to file a supplemental complaint if the requisite affidavit had been filed.  That provision as recast by the commission provides that, where such affidavit is filed, "the examination shall proceed as if the summons and notice" had been duly served.  And the question presented is whether this change in the proviso so changes its effect that the filing of such affidavit no longer relieves the plaintiff from serving notice upon the defendant of an application to file a supplemental complaint against the garnishee, although the defendant is a nonresident and his whereabouts unknown.

In construing the revised laws reference may be had to the report of the commission which drafted them, as the legislature undoubtedly gave weight to such report in enacting them.  Reference may also be had to the history of the law and the purpose sought to be accomplished thereby. United States & Canada Land Co. v. Sullivan, 113 Minn. 27, 128 N. W.

1112, Ann. Cas. 1912A, 51; Austro-Hungarian Consul v. Westphal, 120 Minn. 122, 139 N. W. 300. The presumption is that no change in the existing law was intended by the revision and to give it effect as changing the former law, the intention to make such change must clearly appear from the language of the statute when taken in connection with the history of the act and the purpose sought to be accomplished by it. As said in Austro-Hungarian Consul v. Westphal, 120 Minn. 123, 139 N. W. 300: "The statute * * * being found in a general revision, the law as therein written will be deemed to be the same as it stood prior to the revision, unless we find from the statute itself or its history a clear intention to change it." It is also a cardinal rule of statutory construction that statutes shall be interpreted so as to avoid unjust or absurd results.

In the present case we have the presumption that the law remained unchanged, and the report of the commission that they believed the change in wording did not change the effect of the statute. The history of the act shows that the purpose of the proviso was to enable a creditor to prosecute a garnishment proceeding to a final determination, as against a nonresident defendant, notwithstanding the fact that the notices required by statute to be given in the garnishment proceeding could not be served upon him, owing to his absence from the state. That is still the purpose if the present provision may be construed in harmony therewith. As said in State v. Stroschein, 99 Minn. 248, 109 N. W. 235, the cardinal rule of construction is to arrive at the legislative intent. In Lockey v. Lockey, 112 Minn. 512, 128 N. W. 833, in considering an apparent change, apparently as radical as that now under consideration, made by the revised laws in the former law defining what shall constitute the homestead, it is said: "A careful consideration of the old and new statutes leads to the conclusion that the legislature did not intend to change the law upon this subject. And while the language of the new statute is somewhat different from the old, every indication points to a purpose to retain the settled policy. * * * What seems fairly conclusive upon the subject appears in the report of the statutory revision * * * commission where a purpose to retain the area theory is affirmatively stated. * * * This report, though not conclusive, was before the legislature when considering the adoption of the new law, and inasmuch as no change was made by that body in the language of the commission as

embodied in the proposed revision, it is fairly clear that the intention was to enact the statute in the light of the interpretation given it by the commission." This reasoning applies with equal force to the present case. The commission reported the effect of the statute as unchanged and the legislature adopted it exactly as reported. No good reason appears for providing that notice of the bringing of the original proceedings against the garnishee need not be given to a nonresident defendant, and then requiring that notice of subsequent proceedings against the garnishee be given to such defendant. That the legislature considered the law unchanged is also evident from the fact that they made no provision for constructive or substituted service upon a nonresident defendant of the notice of the application to file a supplemental complaint. Unless the law in respect to such notice remains as before the revision, the legislature has put it beyond the power of a creditor to question the disclosure of the garnishee in any case where the defendant does not appear and is a nonresident. It is evident from the purpose and history of the statute and of the revision that the legislature had no such intention; and we hold that the legislature by providing that, where the requisite affidavit was filed, "the examination shall proceed as if the summons and notice had been served upon defendant or he had duly appeared," intended that the garnishee proceeding should proceed to a final determination, as against all claims made by the garnishee, without further notice to the defendant, unless he subsequently appeared in the action. If he did so appear all subsequent notices could be served upon his attorney. Trunkey v. Crosby, 33 Minn. 464, 23 N. W. 846.

The garnishees contend that plaintiff is estopped from raising the questions sought to be presented by the supplemental complaint. Galbraith sold the property conveyed to him by the deed of assignment to one Green in the state of North Dakota. Plaintiff caused a portion of the property so sold to Green to be seized under a writ of attachment issued by the North Dakota court in the suit which resulted in the judgment upon which the present action is based. Green replevied the property so seized from the sheriff and obtained a judgment that he was the owner of it. In the litigation between Green and the sheriff, it was conceded that the deed of assignment was void upon its face, and Green's title was upheld solely upon the ground that he was a *bona fide* purchaser of the

property. The judgment in favor of Green, conceding it to be binding upon plaintiff to the same extent as if plaintiff had been a party thereto, did not necessarily determine any of the questions now raised, and does not estop plaintiff from maintaining this proceeding to reach the funds now in the hands of the garnishees. Leonard v. Schall, 132 Minn. 446, 157 N. W. 723.

Order reversed.