CITIZENS OF HINES v. MINNESOTA & INTERNATIONAL RAILWAY COMPANY.[1]

February 10, 1922.

No. 22,711.

**Authority of Railroad Commission to require agent service at certain stations.**

1. Section 4391, G. S. 1913, construed and *held* to empower the Railroad and Warehouse Commission to require a railway company to provide agent service at any station on its line of road where the traffic amounts annually to $8,000 or more.

**Order of Railroad Commission sustained.**

2. The facts considered and *held* to justify an order of the Railroad

[1]Reported in 186 N. W. 797.

and Warehouse Commission requiring a railway company to enlarge its depot, construct a platform in connection therewith and to provide agent service in an unincorporated village of 200 inhabitants, under the provisions of sections 4390 and 4391, G. S. 1913, where the traffic amounts annually to $8,000 or more.

From an order of the Railroad and Warehouse Commission granting a petition of certain citizens of Hines, Minnesota, for the enlargement of the depot building, the construction of a loading platform and for agent service, the railway company appealed to the district court for Beltrami county, where the appeal was heard by Stanton, J., who affirmed the order of the commission. From the order of affirmance, the Minnesota & International Railway Company appealed. Affirmed.

*D. F. Lyons* and *Frederic C. McCarthy*, for appellant.

*Clifford L. Hilton*, Attorney General, and *C. H. Christopherson*, Assistant Attorney General, for respondents.

QUINN, J.

A verified complaint signed by numerous citizens was filed with the Railroad and Warehouse Commission, asking that the Minnesota & International Railway Company enlarge its depot at the village of Hines, construct a platform on which to load and unload freight and provide agent service. A hearing was held at Bemidji by the commission in May, 1920. Following the hearing an order was issued requiring appellant to enlarge the depot, construct a platform and provide agent service. The company appealed to the district court of Beltrami county where an order was made affirming the order of the commission, upon which judgment was entered on August 5, 1921. From the judgment so entered this appeal was taken.

The present depot at this station is a wooden structure 10x28 feet in size, divided into two rooms by a partition across the center. One room is used for the storage of freight, the other for the accommodation of passengers. It has a stove and in cold weather a custodian sees to lighting a fire in time to warm the room before the arrival of passengers. The depot is too small to accommodate the business transacted at that point. The chief ground of complaint

is that no agent service is provided, resulting in shipments made to that point being put off at other stations, unless prepaid, thereby causing much delay.

Hines is an unincorporated village of about 200 people. It is situated on appellant's line of road between the stations of Tenstrike and Blackduck, which are about 9 miles apart. The distance between these stations by wagon road is a little greater. The surrounding country is as yet sparsely settled, but settlers are coming in and locating. About 600 people receive their mail at that postoffice. The public school has an enrollment of 135 pupils. Because of a lack of agent service, people in the country drive to other stations. The freight and passenger earnings from that point for the year ending November 1, 1919, amounted to a little over $10,000.

It is now contended by appellant, as it was before the commission and the court below, that the commission's power to require agent service is limited to stations at incorporated villages where the annual business amounts to $8,000 or more, and does not apply to unincorporated villages. That such is the intent expressed by chapter 94, p. 115, of the Laws of 1897. That the term "villages" as used therein and as defined in the Emmons case reported in 76 Minn. 469, 79 N. W. 510, relates to incorporated villages only, and that no specific repeal or amendment of that act has ever been enacted in that respect, the contention, as we understand, being that the substituting of the word "station" in lieu of the word "villages" as appears in section 4391, G. S. 1913, was brought about by a commission appointed for the purpose of codifying the existing laws, in its rearrangement, with no intent of changing the substance of the law. That in such way the law was divided into two sections, 2028 and 2029, R. S. 1905; section 4390 and 4391, G. S. 1913, and that, insofar as the question here raised is concerned, no repeal or amendment has ever been enacted, citing the report of the Revision Commission 1905, p. 17, in support of its contention; also section 9402, G. S. 1913, and Wipperman Mercantile Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606. We are unable to agree with appellant's view of the situation. Chapter 94, p. 115, Laws of 1897, provides as follows:

"Sec. 1. That all railroad corporations, or companies operating any railroads in this state shall * * * provide at all villages and boroughs on their respective roads, depots with suitable waiting rooms for the protection and accommodation of all passengers patronizing such roads, and a freight room for the storage and protection of freight.

"And where the annual business of any railroad company at any such station amounts to $15,000 or more, based upon the outgoing and incoming freight and passenger traffic, then such railway company shall keep an agent at said depot during the business hours of each business day during the entire year * * *."

Chapter 270, p. 466, Laws of 1901, re-enacted chapter 94, changing $15,000 to $8,000. Reference to stations was not changed. The Revised Laws of 1905 made two sections of this law, sections 2028 and 2029. Section 2028 was amended by chapter 54, p. 63, Laws of 1907, so as to provide that "every such railroad company shall provide and maintain at all villages and cities upon its lines, depots with suitable waiting rooms for passengers and rooms for storage of freight," repealing all acts and parts of acts inconsistent therewith. Section 2029 provided that "when the annual business from outgoing and incoming traffic at any station amounts to eight thousand dollars or more, such company shall keep an agent at such station during the business hours of each business day." Here appears a significant change in language. It is incorporated in a separate section. It clarifies the ambiguity theretofore existing. Instead of referring to a village or city as does section 2028, section 2029 refers exclusively to a station. This language discloses the legislative intent to provide for agent service at any station, whether the village is incorporated or not, where a traffic of $8,000 or more a year is had. In other words, the amount of business is the test rather than whether the village is incorporated. Such has been the trend of legislation since the enactment of chapter 94, p. 115, Laws of 1897.

Aside from the view as above expressed, section 4178, G. S. 1913, vests in the commission ample power, under the circumstances as found, to require agent service at this station. That statute empowers the commission to make such an order relative to the mode

of operating a road or conducting its business as will promote the security or convenience of the public. It appears from the findings under consideration that the conditions at Hines were such as to justify the order promulgated by the commission. The act under consideration, so far as it relates to depots, was construed in the first Emmons case, State v. Minneapolis & St. Louis R. Co., 76 Minn. 469, 79 N. W. 510, and in the second Emmons case, 193 U. S. 63, 24 Sup. Ct. 396, 48 L. ed. 614. Affirmed.