CARL DAHL AND ANOTHER v. GEORGE F. NEIB AND ANOTHER.
MINNESOTA HIGHWAY DEPARTMENT, GARNISHEE.[1]

April 11, 1930.

No. 27,870.

[1]Reported in 230 N. W. 476.

*W. T. Hanzal,* for appellant.
*Leach & Leach,* for respondents.

OLSEN, C.

Appeal by defendant George F. Neib from an order denying his motion to set aside a judgment against the garnishee in the action.

Plaintiffs obtained a judgment against the defendants for recovery of money in 1922. In 1929 defendant was in the employ of the state highway department and earning wages. In April, 1929, plaintiffs instituted garnishment proceedings upon their judgment and duly served summons therein upon the commissioner of highways. Plaintiffs failed to serve notice of the garnishment proceeding or the hearing thereon on the defendant. The garnishee made disclosure showing an indebtedness of $135.85 to the defendant. The court, on May 21, 1929, on the disclosure, ordered judgment in favor of the plaintiffs and against the garnishee for the amount disclosed. The garnishee paid the judgment, and it was satisfied of record. The amount paid was credited upon the plaintiffs' judgment against defendant. Nothing further was done until notice of a motion to set aside the judgment against the garnishee was served on or about September 16, 1929, and a hearing had on the motion on September 28. The motion in terms was one to set aside or vacate the judgment on the ground of failure to serve notice of the garnishment proceeding and hearing upon the defendant.

The defendant was entitled by statute to an exemption of $35 out of wages earned within 30 days before the service of the garnishee summons, less any sum paid him for wages within that period. The record discloses that he had been paid some $12, so the most he could obtain by a reopening of the judgment would be the allowance of an exemption of some $23. Assuming that the motion, because it includes a prayer for other and further relief, was suffi-

cient to authorize the reopening of the judgment for the purpose of claiming such exemption, defendant now is confronted with the situation that the judgment has been paid and satisfied and the amount recovered thereby has been applied upon a valid other judgment against him so that he has received the full benefit thereof. The court denied the motion on the ground that, as the judgment had been paid and satisfied, only a moot question was presented, and on the further ground that defendant was guilty of laches in not moving more promptly.

Plaintiffs' attorneys were at fault in not serving notice on defendant, and it was error to order judgment against the garnishee without such notice. The court nevertheless had jurisdiction, and the judgment, while erroneous, was not void. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078; S. E. Olson Co. v. Brady, 76 Minn. 8, 78 N. W. 864; Webster Mfg. Co. v. Penrod, 103 Minn. 69, 114 N. W. 257.

The defendant was in the employ of the highway department. It is reasonably inferred that he was entitled to payment of wages at least once, if not twice, each month. He necessarily had knowledge of the fact that his wages had been attached within a very short time after the garnishee summons was served. In his second affidavit in the record he does not deny knowledge of the proceeding but apparently seeks to justify his delay on the claim that he did not know the law, did not know that he was entitled to notice. We agree with the trial court that under the circumstances shown defendant's delay is not excused, and he should not now have the judgment set aside. The court did not abuse its discretion in denying the motion.

Order affirmed.