JOSEPH CHAPMAN v. W. B. FOSHAY.
POWERS MERCANTILE COMPANY, GARNISHEE.[1]

October 23, 1931.

No. 28,491.

[1]Reported in 238 N. W. 637.

*Samuel H. Maslon* and *Carl K. Lifson,* for appellant.
*M. B. Mitchell* and *John Dalzell,* for plaintiff-respondent.

320

OLSEN, J.

Appeal by defendant from an order denying his motion to dismiss a garnishment proceeding.

■ Plaintiff's attorneys, on November 8, 1929, prepared the summons and complaint in the main action and delivered same to a clerk in their office for service. On the same day they prepared an affidavit for garnishment and a garnishee summons. The affidavit was on that day filed in the office of the clerk of the district court, and the garnishee summons served on the garnishee. No complaint or copy thereof was filed in the office of the clerk of court with the affidavit. No complaint or copy thereof was filed or served until after November 15, if at all. The garnishee disclosure was set for December 3, 1929. On November 11, 1929, copies of the summons and complaint in the main action and copy of the garnishee summons and notice of its service on the garnishee were handed to the defendant by the clerk in the office of plaintiff's attorneys. November 11, Armistice day, was a legal holiday, and the service so attempted to be made was a nullity. Farmers Imp. Co. v. Sandberg, 132 Minn. 389, 157 N. W. 642. No other service of summons, either on the defendant or on the garnishee, has been made.

■ The statute, 2 Mason, 1927, § 9356, provides that at the time of issuing the summons in an action or thereafter during the pendency of the action the plaintiff may file with the clerk of court an affidavit for garnishment; and if the plaintiff files with the affidavit a copy of the complaint in the action, when the complaint has not theretofore either been served on the defendant or filed, a garnishee summons may be issued and served. These are jurisdictional requirements.

It is clear that no jurisdiction was acquired either over the defendant or the garnishee by any service made as above recited. There was no foundation for issuing or serving the garnishee summons because no complaint in the main action had been filed or served. Neither was the summons in the main action then issued or being issued. The making out of the summons and handing it to a clerk in the office of plaintiff's attorneys, with intention to

have it served, was not sufficient. Borgen v. Corty, 181 Minn. 349, 232 N. W. 512.

The meaning of the words "issuance of the summons," as found in the statute governing garnishments and as found in the statute governing attachments, is the same.

■ Defendant appeared by answer in the main action shortly after November 15, 1929. He thereby gave the court jurisdiction in the action over his person. From that time on the court had jurisdiction over him, and this extended both to the main action and the garnishee proceeding. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078; S. E. Olson Co. v. Brady, 76 Minn. 8, 78 N. W. 864; Webster Mfg. Co. v. Penrod, 103 Minn. 69, 114 N. W. 257; Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606; Dahl v. Neib, 180 Minn. 119, 230 N. W. 476.

The garnishee disclosure was had on December 12, 1929. The garnishee appeared voluntarily and disclosed. It thereby submitted itself to the jurisdiction of the court and waived as to itself any want of jurisdiction or failure to serve valid summons on itself. Personal jurisdiction over defendant had already been obtained. The garnishee could not however waive any of the rights of the defendant.

■ The court having personal jurisdiction over the defendant in the entire matter and having jurisdiction over the garnishee in that proceeding, the failure to take proper steps in the first instance to obtain jurisdiction over the garnishee was no longer a jurisdictional defect invalidating further proceedings in the garnishment matter. Nor was the failure to serve any valid notice of the garnishment proceeding on the plaintiff any longer a jurisdictional defect as to him. These matters must then and thereafter be treated as mere irregularities in the proceeding. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078.

■ Defendant nevertheless had the right, on motion or application seasonably made, to object to and move to dismiss the garnishment proceedings on the ground of these irregularities. No judgment against the garnishee had been entered, and no judgment ob-

tained in the main action. Defendant, purporting to appear specially, which he could not do after appearing generally by answer in the main action, moved the court, on November 17, 1930, a year after he had appeared in the action, for an order dismissing the garnishment proceeding and discharging the garnishee. The motion was made solely on the ground that no jurisdiction was obtained by the court over the garnishee by any steps taken in the action by plaintiff.

After the court had obtained jurisdiction over defendant by his general appearance in the action, and over the garnishee by his voluntary appearance and disclosure in the garnishee proceeding, it was then too late to move to dismiss the garnishment solely on jurisdictional grounds, and especially on the ground of want of jurisdiction over the garnishee.

In Webster Mfg. Co. v. Penrod, 103 Minn. 69, 114 N. W. 257, the court stated the general rule in this state, that if jurisdiction over defendant has been obtained by proper service in the main action, the several steps in the garnishee proceeding are not jurisdictional as to him. The court in that case gave some weight to the fact that defendant appeared specially in the garnishee proceeding. If the defendant there had been properly served with summons in the main action so that the court had jurisdiction over him in the entire matter, including the garnishment proceeding, then defendant could not appear specially. The court in that case held that the matters complained of were not jurisdictional but mere irregularities. The court said that it did not follow that the defendant could not take advantage of the irregularities, and that he had the right, if the objection was seasonably made, to insist that the statute be complied with; that there is excellent reason why he should have an opportunity to be present and protect his property.

Defendant was not deprived of opportunity to assert his rights. He received actual notice of the garnishment proceeding on November 11, 1929. There was no legal service, but he had actual notice and could have promptly moved to set aside the attempted service of the garnishee summons. Even after he had answered in the main action, he could have appeared at the garnishee disclosure

and moved to dismiss because no proper notice thereof had been served on him. This is what was done in Webster Mfg. Co. v. Penrod, 103 Minn. 69, 114 N. W. 257. After the court had obtained jurisdiction of both defendant and the garnishee, he could not then move to dismiss the garnishment on the ground that jurisdiction over the garnishee was not obtained prior to the disclosure. He still had a remedy. He could then move the court to reopen the garnishment proceeding and permit him to show facts going to the merits of plaintiff's claim that the garnishee was indebted to defendant. On such a motion defendant would be required to show not only that there had been irregularities in the proceedings but also to show merit in his application and diligence on his part. It may be noted that, on the hearing of the motion to dismiss, defendant's attorney presented an affidavit tending to show diligence on his part and to excuse the delay of a year before making the motion; but there is no affidavit or showing as to merits.

A motion to reopen a garnishment hearing, if this motion could be considered as such, is, like any motion to reopen a hearing, addressed to the discretion of the court. We find no abuse of discretion, especially as the court, on application of plaintiff, granted leave to plaintiff to file a supplemental complaint in the matter, with leave to the garnishee and defendant to file answers thereto, so that the whole matter may be tried out on the merits.

Order affirmed.