MARTHA A. HUDSON v. ARTHUR H. PATTERSON and
Another.[1]

November 7, 1913.

Nos. 18,327—(77).

Garnishment.

1. The garnishment statute, section 4229, R. L., contemplates and re-
quires as essential to the right to proceed thereunder that either the main
action be pending, or that it be commenced by issuing a valid summons
therein, at the time of the issuance of the garnishee summons.

Garnishee summons invalid.

2. Where a garnishee summons is issued before the commencement of the
action, the service thereof upon the garnishee is invalid and of no effect.

Action in the district court for Ramsey county. The Philadelphia
Casualty Company was served with garnishee summons as a supposed
debtor of defendant in that action. The garnishee appeared specially
and obtained an order directing plaintiff to show cause why the serv-
ice of the garnishee summons should not be set aside upon the ground
that the same was improvidently issued, that the court had no juris-
diction of the subject matter of the garnishee proceeding or of the
garnishee, and because garnishee process could not be issued against
such garnishee so long as it was a judgment debtor and liable only
upon executions issued against it as such judgment debtor, and upon
the ground that it manifestly appeared by the record that the judg-
ments against such garnishee were paid and satisfied prior to the
commencement of any action in the district court against said de-
fendant. From an order, Catlin, J., dismissing the garnishee pro-
ceedings and discharging the garnishee, plaintiff appealed. Affirmed.

*David F. Peebles* and *Loomis, Keller & Schwartz,* for appellant.
*Briggs, Thygeson & Everall,* for respondent.

[1] Reported in 143 N. W. 792.

BROWN, C. J.

Defendant Patterson recovered certain judgments against the Philadelphia Casualty Company, garnishee herein. In this action by plaintiff against Patterson, the money due on these judgments was sought to be empounded by garnishment process pending the litigation. To that end and on January 11, 1913, plaintiff caused an affidavit in garnishment proceedings to be filed in the office of the clerk of the district court, and thereupon her attorney issued the usual garnishee summons, which was, on the same day, served upon the garnishee by delivering a copy thereof to the state insurance commissioner, as provided for by law for the service of process upon foreign corporations. Thereafter the garnishee, appearing specially and for the purposes of the motion only, moved the court to set the service aside, on the ground among others that no action in the garnishment proceeding had been commenced or summons issued therein at the time of the service, and for that reason that the service and entire proceeding was invalid. The court granted the motion and plaintiff appealed.

There was presented to the court below, for and against the motion, an affidavit in support thereof by one of the counsel for the garnishee, an affidavit by counsel for plaintiff, and the files in the action. From which it appears that a summons in the main action is claimed by plaintiff to have been issued on January 11, the date of the garnishee summons, though it was not then delivered to an officer for service. It was not delivered to the officer until January 29, and the garnishee summons had been served over two weeks prior to that date. The summons claimed to have been so issued was not dated, but gave notice that the complaint in the action had been and was on file in the office of the clerk of court. No such complaint was on file prior to the service of the garnishee summons, or before January 29. On these facts the trial court held that the garnishee summons and the service thereof were of no effect. Our conclusion is that the trial court was entirely right. At any rate, the record presented a question of fact and its finding thereon, evidenced by the order made, that no summons had been properly issued cannot be disturbed.

The garnishment statute, section 4229, R. L. 1905, provides that,

"in an action in a court of record or justice court for the recovery of money, if the plaintiff, his agent or attorney, at the time of issuing the summons, or at any time during the pendency of the action * * * files with the clerk of the court * * * an affidavit," setting forth the necessary facts, a garnishee summons may be issued. This statute will bear but one construction, and to the effect that essential to the right of garnishment there must be at the time the garnishee summons is issued a pending action, or that one be then commenced by the issuance of a proper summons. The statute is unlike the attachment statute where the writ may be issued before the formal commencement of the action, and is valid, if the action be begun within "sixty days" thereafter. Section 4215, R. L. 1905. While the garnishment statute limits the right to that remedy to a pending action, or "at the time of issuing the summons" therein. This clearly means more than the clerical act of filling out the blank form of summons. It contemplates an issuance of a summons in the usual and ordinary manner and that it be valid and in all respects in compliance with the requirements of the statute on the subject of the commencement of an action. In this case the summons, if prepared on the eleventh of January, remained in the hands of the attorney until the twenty-ninth, and was fatally defective in that no complaint was on file as stated therein. There was then no action commenced or summons issued when the garnishee summons was served, within the meaning of the statute, and the service thereof was properly set aside. The summons in the main action, under the circumstances stated, was not in contemplation of law issued until the complaint was filed, namely, on January 29. The case of Crombie v. Little, 47 Minn. 581, 50 N. W. 823, is not in point. The proceedings there held valid were attacked collaterally, and not directly as in the case at bar.

Order affirmed.