# ANDREW McCORMICK v. GEORGE O. ROBINSON AND OTHERS CHARLES D. CAMPBELL v. SAME.[1]

April 5, 1918.

Nos. 20,720, 20,721.

**Action begun by delivery of summons to officer — statute.**
1. An action is deemed as begun for all purposes when the summons is delivered to the proper officer for service if such service be completed within the time prescribed by law.

**Same — amendment as to defendant.**
2. Where an action is brought against a person in one capacity, an amendment by which it is continued against him in a different capacity does not bring in a new party nor begin a new action but merely changes the capacity in which he is sought to be held, and the beginning of the action will date from the time it was originally begun regardless of the time when the amendment was made.

**State action entitled to priority.**
3. In the present case the state action was begun before the commencement of the Federal action and is entitled to priority.

Action in the district court for St. Louis county to wind up a partnership, for an accounting and for a conveyance of land alleged to be held in trust by certain defendants for plaintiff. The history of the litigation will be found in the second and third paragraphs of the opinion.

[1]Reported in 167 N. W. 271.

From an order, Cant, J., denying defendants' motion for an order abating the action until the final determination of another action in the United States district court in which Margaret B. Fowler and others were plaintiffs and Andrew McCormick was one of the defendants, defendants appealed. Affirmed.

*A. L. Agatin, John G. Williams, Frank D. Adams, G. W. Morgan* and *Davis, Severance & Olds,* for appellants.

*Fryberger, Fulton & Spear,* for respondent.

TAYLOR, C.

Plaintiff claims an interest in an iron mine in St. Louis county which is being operated by the Minnesota Iron Company under a mining lease from the fee owners. He brought this action to establish his interest in the mine and made the fee owners and the Minnesota Iron Company defendants.

The iron company is a Minnesota corporation, but all the fee owners are nonresidents. For the purpose of beginning his action, plaintiff filed his complaint in the office of the clerk of the district court of St. Louis county on August 9, 1916, and on the same day delivered the summons to the sheriff of that county for service. On August 10, 1916, the sheriff made a return of "not found" as to the defendants other than the iron company. On August 16, 1916, plaintiff filed an affidavit for publication of the summons and on the following day began publishing the summons. Both the affidavit for publication and the publication were defective and were subsequently set aside as hereinafter stated. On September 26, 1916, the fee owners, appearing specially for that purpose, presented a petition for removal of the case to the United States district court and it was transferred to that court. A motion to remand the case to the state court was argued and submitted on October 14, 1916, and an order remanding it was filed on November 20, 1916. While the case was in the United States court, the fee owners made a motion to set aside the service of the summons upon them, on the ground that the affidavit for publication and the publication were fatally defective, but the court remanded the case without deciding this motion. They renewed the motion in the state court, and on December 26, 1916, that court made an order setting aside the affidavit for publication and the

publication of the summons as fatally defective. On November 20, the same day on which the case was remanded to the state court, plaintiff delivered a duplicate summons to the sheriff for service who served it upon the Minnesota Iron Company, but again made a return of "not found" as to all the other defendants. Immediately thereafter plaintiff filed a new affidavit for publication and again published the summons, and this affidavit and publication are conceded to be in proper form in all respects.

After the motion to remand had been made but before it had been decided, and on November 9, 1916, the fee owners began an action in equity in the United States court against plaintiff involving the same subject matter and the same issues which are involved in the present action and caused personal service to be made upon him on that date. In their answer in the present action the defendants alleged the commencement and pendency of the action in the United States court, and thereafter made a motion to abate the action in the state court or to stay proceedings therein until the termination of the action in the United States court, on the ground that the action in the United States court was commenced and pending before the action in the state court was commenced. This motion was denied and defendants appealed from the order denying it.

1. The action in the Federal court was commenced on November 9, 1916, by filing the bill of complaint and serving the subpoena upon the defendants therein personally on that date. In the state court the complaint was filed and the summons delivered to the sheriff for service on August 9, 1916, but the service of the summons was not completed by a proper publication thereof until after the commencement of the Federal action. If the state action was commenced when the summons was delivered to the sheriff for service, it is first in point of time and entitled to priority; if it was not commenced until the service of the summons had been completed by a proper publication thereof, the Federal action is first in point of time and entitled to priority. Defendants contend with much earnestness and ability that under our statutes and the decisions of this court an action is not deemed commenced, except for the purpose of avoiding the bar of some period of limitation, until the summons has been served upon the defendant.

Three sections of the code of civil procedure bear upon the question:

"Civil actions in the district court shall be commenced by the service of a summons as hereinafter provided." G. S. 1913, § 7728.

"For the purposes of this subdivision, an action shall be considered as begun against each defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him, or is delivered to the proper officer for such service; but, as against any defendant not served within the period of limitation, such delivery shall be ineffectual, unless within sixty days thereafter the summons be actually served on him or the first publication thereof be made." G. S. 1913, § 7707.

"The court shall have jurisdiction of the defendant from the time of the service of the summons or other process upon him, and service by published notice shall be deemed complete at the expiration of the prescribed period of publication. A voluntary appearance by the defendant shall be equivalent to personal service, unless the same be made for the sole purpose of attacking the jurisdiction." G. S. 1913, § 7741.

Section 7728 provides the method for commencing an action and bringing the defendant into court, but this method is not exclusive, for the defendant may appear voluntarily and in that event service of the summons is not required. Section 7741 provides that the court shall have jurisdiction of the defendant from the time of the service of the summons upon him. Section 7707 provides that an action shall be deemed begun against a defendant when the summons is delivered to the proper officer for service upon him; but further provides that unless service be made before the expiration of the period of limitation within which the action must be begun, such delivery shall not constitute a beginning of the action, "unless within sixty days thereafter the summons be actually served on him or the first publication thereof be made."

This section contemplates that the beginning of the action shall date from the delivery of the summons to the proper officer for service in two classes of cases: Those in which either actual or constructive service of the summons is made before the expiration of the period of limitation within which the action may be begun; and those in which neither actual nor constructive service of the summons is made within such period of limitation, but in which the summons is either served or the first publica-

tion of it is made within 60 days after its delivery to the officer. Defendant's contention would entirely eliminate the first class of cases. We gave this statute careful consideration in Bond v. Pennsylvania R. Co. 124 Minn. 195, 144 N. W. 942, and reached the conclusion that where the provisions of the statute were complied with, the action was deemed begun when the summons was delivered to the proper officer for service, not merely for the purpose of avoiding the bar of the statute of limitations, but for all purposes. Defendants insist that this holding is in conflict with prior decisions, but an examination of the cases cited will disclose that the question here presented was not involved or decided in any of them. The distinction between the cases in which actual or constructive service of the summons was made within the period of limitation, and the cases in which such service was not made within such period but was made within 60 days after its delivery to the officer, was created by the change in the statute made in the revision of the laws in 1905. Prior to the revision of the laws in 1905, the beginning of the action did not date from the delivery of the summons to the officer for service in any case, unless such delivery was "followed by the first publication of the summons, or the service thereof, within sixty days." R. S. 1851, c. 70, § 15; G. S. 1866, c. 66, § 14; G. S. 1894, § 5144. This fact should be borne in mind in considering the early cases upon which defendants rely. In Crombie v. Little, 47 Minn. 581, 50 N. W. 823, it was claimed that a service by publication was fatally defective, but the court held that the statutory requirements had been complied with and that the service was valid. In Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, an action to foreclose a mechanic's lien, no service was made upon nonresident mortgagees until more than a year after the time for bringing the action had expired. It was held that this service was too late and that service upon the resident defendants was not a service upon these mortgagees. In H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974, it was held that the action was not commenced until the summons had been served upon the defendant, but while the point was not raised or discussed it appears that the summons was delivered to the sheriff more than a year before the first publication of it, hence the provision in question did not apply, and was not invoked. In Seeger v. Young, 127 Minn. 416, 149

N. W. 735, the question was whether an action in which the defendant had appeared and answered was still pending so as to be a bar to a subsequent suit.

The question as to whether the delivery of the summons to the sheriff constituted the beginning of the action where such delivery was followed by service of the summons within the prescribed time thereafter, was neither raised nor considered in any of these cases; but the court in the course of its discussion made obiter statements to the effect that except for the purpose of avoiding the statute of limitations the action was begun by the service of the summons upon the defendant. In these cases the court had no occasion to consider or determine the effect of the provision here in question, and the language used cannot be considered as a judicial determination that this provision applied only to cases involving the statute of limitations. Whatever doubt may previously have existed seems to have been put at rest by the change in the statute made in 1905, for the statute as it now reads is clearly applicable to cases in which the statute of limitations is not involved.

Where service is made within the period of limitation, the statute does not limit the time within which delivery of the summons to the officer shall be followed by service thereof in order to have such delivery constitute the beginning of the action; but this does not mean that a plaintiff can deliver his summons to the officer and then wait indefinitely before doing anything more. To have the action deemed begun when the summons is delivered to the officer, the plaintiff must proceed with reasonable diligence to effect service within a reasonable time thereafter. In the present case plaintiff proceeded with reasonable diligence under the circumstances disclosed by the record.

2. Title to an undivided interest in the property was vested in certain of the defendants as trustees, but in the original summons and complaint they were named as defendants in their individual capacity and not in their capacity as trustees. After the commencement of the action in the Federal court, but before the making of the motion to stay proceedings in the state court, the proceedings in the state court were amended by making these trustees parties in their capacity as trustees. Defendants insist that the state action cannot be deemed begun against these de-

fendants in their capacity as trustees until this amendment was made, and that the Federal action, having been begun as to all parties before the making of this amendment, is entitled to precedence.

It is well settled that where an action is brought against a person in one capacity, an amendment by which it is continued against him in a different capacity does not bring in a new party nor begin a new action but "merely changes the capacity in which the same person is sought to be charged;" and, as there is no change in the person sought to be charged but merely in the capacity in which he is sought to be held, that the beginning of the action will date from the time it was originally begun regardless of the time when the amendment was made. In Boyd v. U. S. Mortgage Co. 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. 959, 10 Ann. Cas. 146, it is said in the syllabus: "Where the summons and complaint in an action brought before the running of the statute of limitations are so amended after the running of the statute as to show that the defendant is sued individually instead of in a representative capacity, the amendment does not bring in a new party defendant, but merely changes the capacity in which the same defendant is sought to be charged, and therefore the defendant cannot contend that the action is barred by limitation." This decision contains an exhaustive discussion of the authorities bearing upon the question, and the report of the case in 10 Ann. Cas. 146 is followed by a note in which many other authorities are collated. To the same effect is Morrison County L. Co. v. Duclos, 131 Minn. 173, 154 N. W. 952.

The same questions presented to this court were presented to the Federal court upon an application to enjoin plaintiff from prosecuting his action in the state court until the termination of the action in the Federal court, and the injunction was denied on the ground that the state action was begun before the Federal action and was entitled to precedence. We concur in the conclusion reached by the Federal court and the district court, and the order appealed from is affirmed.