## REUBEN SPOTTS v. FRED BEEBE.
## D. J. LEARY, GARNISHEE.[1]

### April 1, 1921.

### No. 22,173.

**No garnishment based on judgment void upon its face.**

1. Where the judgment in an action for the recovery of money is void on the face of the record, no valid garnishment proceedings can be predicated thereon.

[1]Reported in 182 N. W. 167.

**Unreasonable delay in service of summons.**

    2. Where there is an unreasonable delay in the service of the summons upon the defendant, the action will lapse and thereafter no longer be deemed pending. McCormick v. Robinson, 139 Minn. 483, followed and applied.

**Same.**

    3. The delay stated in the opinion *held* unreasonable.

**Objection to jurisdiction of court.**

    4. A garnishee may be heard to object to the jurisdiction of the court for the failure to serve the summons in the main action upon defendant therein.

Action in the district court for Traverse county to recover $674.65. D. J. Leary was served with garnishee summons. From an order, Flaherty, J., denying plaintiff leave to file a supplemental complaint against the garnishee, plaintiff appealed. Affirmed.

*W. B. Mitton,* for appellant.

*D. J. Leary,* pro se.

BROWN, C. J.

This action was commenced on August 18, 1919, for the recovery of $674.65, claimed to be due from defendant for money loaned and goods sold by plaintiff to him. There was an attempt to acquire jurisdiction of defendant by the publication of the summons, and upon service of that character default judgment was rendered for the amount demanded in the complaint on October 10, 1919. Defendant was not otherwise served with the summons and made no appearance in the action. The service of the summons by publication was a nullity and the judgment rendered thereon wholly void. This is conceded by plaintiff. Defendant was at the time a nonresident of the state, at least not within the state, and no effort was made by attachment or otherwise to acquire a lien upon property owned by him situated in the state. Thereafter on January 5, 1920, with the judgment as the basis and foundation, plaintiff instituted garnishment proceedings, claiming therein that the garnishee had money and property in his possession belonging to defendant. The garnishee disclosed on the return day of the garnishee summons; in effect denying any indebtedness to defendant. Defendant, though served with the gar-

nishee summons, made no appearance in those proceedings. Thereafter plaintiff moved the court for leave to file a supplemental complaint against the garnishee; the motion was noticed for April 9, 1920, but, by an arrangement between counsel for plaintiff and the garnishee, was not submitted to the court until June 22, 1920. At the hearing the garnishee interposed objections to the filing of a supplemental complaint, urging the invalidity of the judgment for the failure of plaintiff to acquire jurisdiction over defendant by proper service of the summons; that no action was pending in which the garnishee might legally be held, insisting that all prior proceedings in the action were merged in the void judgment. Thereafter on September 23, 1920, the court made an order denying the motion, substantially on the points urged by the garnishee. Plaintiff appealed.

The learned trial court correctly disposed of the motion. The garnishment proceedings were founded on a judgment in the action which was a nullity on the face of the record, and necessarily the garnishment proceeding was also void. Hudson v. Patterson, 123 Minn. 330, 143 N. W. 792; Atwood v. Gucker, 26 N. D. 622, 145 N. W. 587, 51 L.R.A.(N.S.) 597. The garnishee was within his rights in urging the objection, if, in fact, it was not his duty to do so. McKinney v. Mills, 80 Minn. 478, 83 N. W. 452, 81 Am. St. 278. The attempt to validate the garnishment proceeding by a personal service of the summons in the action upon defendant on July 28, 1920, was ineffectual. If, in face of the void judgment, plaintiff could revive the action by the subsequent service of the summons, the service in this instance came too late. Under our statutes an action, in which the summons is not served promptly and within a reasonable time after the commencement thereof, is not deemed pending within the meaning of the law. Bond v. Penn. R. Co. 124 Minn. 195, 144 N. W. 942; McCormick v. Robinson, 139 Minn. 483, 167 N. W. 271. In this case the summons was not served for nearly a year after the action was commenced, and not for six months after the garnishment summons was served. In this state of the facts the rule of the cases cited applies, for the delay in making the service was unreasonable and not in compliance with the statutes on the subject.

Order affirmed.