# FIRST NATIONAL BANK OF PEPIN v. SILAS L. CASEY. BECHER-BARRETT-LOCKERBY COMPANY, GARNISHEE.[1]

October 2, 1925.

No. 24,813.

**Service of garnishee summons before issue of valid summons void.**

1. *Held,* following Hudson v. Patterson, 123 Minn. 330, that service of a garnishee summons before the issuance of a valid summons in the main action is unauthorized and of no effect.

**Special appearance on behalf of defendant.**

2. The action of defendant's attorney in challenging the jurisdiction of the court to entertain the proceeding cannot be construed as a general appearance.

1. See Garnishment, 28 C. J. p. 226, § 305 (Anno).
2. See Appearances, 4 C. J. p. 133, § 27.

Action in the district court for St. Louis county. Plaintiff's motion for judgment and defendant's motion to dismiss were heard by Magney, J., who ordered judgment in favor of defendant and garnishee. Plaintiff appealed. Affirmed.

*Middaugh & Smythe,* for appellant.

*Courtney & Courtney,* for respondent.

TAYLOR, C.

Plaintiff held two promissory notes executed by defendant, a resident of North Dakota. In an attempt to collect the amount due thereon, plaintiff filed an affidavit for garnishment in the office of the clerk of the district court of St. Louis county on November 28, 1924, and on the same day caused a garnishee summons to be served on the Becher-Barrett-Lockerby Company as garnishee. It was not served on defendant as he was a nonresident. The summons in the main action is not dated; neither is the complaint. This summons was delivered to the sheriff for service on December 3,

[1]Reported in 205 N. W. 264.

1924, five days after the service of the garnishee summons. The sheriff indorsed a return of "not found" thereon, and both summons and complaint were filed in the office of the clerk on December 4, 1924. The summons stated that the complaint was on file in the office of the clerk, but it was not filed until December 4.

The disclosure of the garnishee was taken by the clerk of court on December 22, 1924. Defendant's attorney, Mr. H. A. Courtney, appeared specially on his behalf for the purpose of objecting to the jurisdiction of the court, and insisted that no jurisdiction had been acquired over defendant or his property, for the reason that the main action was neither pending nor commenced at the time the garnishee summons was served. Mr. Courtney also appeared specially for R. V. Kellogg and Olaf Odegard as claimants to the property. He took no part in the disclosure, but at its conclusion again moved that the proceeding be dismissed and the garnishee discharged for lack of jurisdiction.

Plaintiff published the summons in the main action after the disclosure had been taken, and thereafter made a motion before the court for judgment against the garnishee on the disclosure, basing the motion on all the files and papers in the case. Mr. Courtney again appeared specially for the purpose of opposing this motion and urged the same objections to the jurisdiction as before. The court denied the motion on the ground that the service of the garnishee summons before the issuance of a valid summons in the main action was not authorized by the statute and of no effect, citing Hudson v. Patterson, 123 Minn. 330, 143 N. W. 792. Plaintiff appealed.

The facts are undisputed. Plaintiff contends: (1) That the case cited is not decisive of the present case; (2) that defendant voluntarily appeared at the garnishee disclosure and thereby conferred jurisdiction.

1. The facts in the present case are so nearly identical with those in Hudson v. Patterson, supra, that we think the decision in that case is decisive that the service of the garnishee summons in the present case, at the time and under the circumstances above

stated, was unauthorized and of no effect. The reasons for this conclusion are stated in that case. See also Spotts v. Beebe, 148 Minn. 363, 182 N. W. 167; Webster Mnfg. Co. v. Penrod, 103 Minn. 69, 114 N. W. 257.

2. The funds in the hands of the garnishee were the proceeds of a car of wheat shipped in the name of defendant from Cartwright, North Dakota, to the garnishee at Duluth. Before the disclosure, Mr. Courtney, who represented Odegard and Kellogg as well as the defendant, presented affidavits to the garnishee to the effect that a specified part of the wheat in the car was owned by Odegard and the remainder of it was owned jointly by Kellogg and defendant.

These affidavits were produced by the garnishee during the disclosure, and were filed by plaintiff's attorney. Before filing them, plaintiff's attorney asked Courtney for permission to file them, who replied that he was directed to file them. Plaintiff insists that the presentation of these affidavits constituted a general appearance by defendant and conferred jurisdiction over him. The purpose of the affidavits was to inform the garnishee of the nature and extent of the respective claims of Odegard, Kellogg and defendant to the grain and its proceeds. Mr. Courtney appeared specially on behalf of defendant for the purpose of objecting to the jurisdiction. He asked the court to dismiss the proceeding for lack of jurisdiction. He did not ask the court to do anything else. He took no part in the proceeding except to challenge the jurisdiction of the court to entertain it, and did nothing inconsistent with that claim. His action, at least so far as he appeared for defendant, cannot be construed as a general appearance, nor as submitting to the jurisdiction of the court. Longcor v. Atlantic Terra Cotta Co. 122 Minn. 245, 142 N. W. 310; Morehart v. Furley, 149 Minn. 56, 182 N. W. 723.

Order affirmed.