## NORMAN A. BORGEN v. V. L. CORTY.[1]

October 10, 1930.

No. 28,092.

*Robertson & Rerat,* for appellant.

*Bauers, Carlson & Beveridge* and *Russell Smith,* for respondent.

[1]Reported in 232 N. W. 512.

Loring, C.

This was an appeal from an order denying the defendant's motion to vacate a writ of attachment and a levy made thereunder on the ground that the writ was void for the reason that no summons had been issued in the action prior to or at the time of the issuance of the writ of attachment and also for the reason that the ground for attachment was not substantiated by competent evidence.

The plaintiff on March 3, 1930, sued out a writ of attachment and on the same day caused the sheriff to levy on real estate belonging to the defendant. The respondent stated upon oral argument in this court that the summons and complaint were made out and signed by the attorneys for the plaintiff on March 3 but were not served or placed in the hands of an officer for service. They remained in the office of the attorneys until they were served on defendant on March 18 by one of the plaintiff's attorneys.

The first question raised by this appeal is whether or not the summons was issued within the meaning of G. S. 1923 (2 Mason, 1927) § 9342. That section, in so far as it is here material, reads as follows:

"In an action for the recovery of money * * * the plaintiff, at the time of issuing the summons or at any time thereafter, may have the property of the defendant attached. * * * The action must be begun as provided in § 9199 not later than sixty days after issuance of the writ."

This court has passed upon the meaning of the phrase "issuing the summons" in the case of Webster Mfg. Co. v. Penrod, 103 Minn. 69-71, 114 N. W. 257, where it said:

"The mere subscribing of a summons, without taking any steps to indicate an intention to have it served, is not an issuing of the writ, either as prescribed by statute or as the term is generally understood when used with reference to the commencement of actions."

In the case of Hudson v. Patterson, 123 Minn. 330, 143 N. W. 792, the court had before it the section of the garnishment statute

which likewise provides that a garnishee summons may issue "at the time of issuing the summons" or during the pendency of the action. Speaking of "issuing the summons" the court said [123 Minn. 332]:

"This clearly means something more than the clerical act of filling out the blank form of summons. It contemplates an issuance of a summons in the usual and ordinary manner and that it be valid and in all respects in compliance with the requirements of the statute on the subject of the commencement of an action."

It is true that the garnishment statute also uses the words "during the pendency of the action," which reinforces the conclusion arrived at in the Hudson case; but in our opinion the construction of the phrase "issuing the summons" was arrived at independently of the other phrase, and in so far as such construction is inconsistent with Blackman v. Wheaton, 13 Minn. 299 (326) it must be deemed to have overruled that case. Consequently, the phrase "at the time of issuing the summons" as used in the attachment statute is equivalent to the commencement of the action as defined in § 9199. We believe this to be the proper interpretation of this court's language in the Webster and Hudson cases and to be the true meaning of the statute.

The summons was not issued in this case because it is admitted that respondent's attorneys did no more than subscribe the summons and keep it in their office until March 18.

The respondent contends that there is a presumption that the summons was issued at the time it was dated and when the writ of attachment was issued. That presumption, if it exists, is only a prima facie one and cannot prevail against the admitted facts.

■ The next contention of respondent is that the last sentence of § 9342 permits the writ of attachment to issue as much as 60 days prior to the commencement of the action and that that provision preserves his rights under his writ. So construed there is an obvious conflict between this last sentence of the section and the prior provisions of the statute. Certainly the legislature did not intend to provide in the first part of the section that the attachment might issue at or after the commencement of the action and in the last

sentence that it might be issued as much as 60 days before such commencement.

This provision that the action must be begun within 60 days was added to the attachment statute at the time of the 1905 revision, and the comment of the revisers as presented to the legislature in their report is as follows [p. 32]:

"The last sentence is new. It is intended to set at rest the question whether the lien of an attachment survives notwithstanding delay in serving the summons."

It is obvious that they intended to provide that it should not.

In Lockey v. Lockey, 112 Minn. 512, 515, 128 N. W. 833, this court said with reference to the revisers' report:

"This report, though not conclusive, was before the legislature when considering the adoption of the new law, and inasmuch as no change was made by that body in the language of the commission as embodied in the proposed revision, it is fairly clear that the intention was to enact the statute in the light of the interpretation given it by the commission."

That language is applicable here. No change in the report was made by the legislature.

Under § 9199 an action is deemed to be commenced or "begun" either when the summons is served or when it is delivered to an officer for service;

"but, as against any defendant not served within the period of limitation, such delivery shall be ineffectual, unless within sixty days thereafter the summons be actually served on him or the first publication thereof be made."

G. S. 1894, § 5143, provided that:

"An action is commenced * * * when the summons is served * * * *."

G. S. 1894, § 5144, was the statute in force up to the 1905 revision. It provided:

"An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this chapter, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided; * * * but such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

It will be observed that this applied to all actions whether or not the statute of limitations was involved. The section was amended by the 1905 revision so that the 60-day limit applied only to cases where defendants were not served within the period of limitation and was left silent as to other cases. Applied to such other cases, this court has held that the statute permits actual service or publication within a reasonable time. McCormick v. Robinson, 139 Minn. 483, 488, 167 N. W. 271.

It will be further observed that the 1894 statute describes the delivery of a summons to an officer for service not as the commencement of an action but as an "attempt to commence an action." Such an "attempt" to be effective must be followed by the accomplishment of actual service or the first publication within the prescribed period. If not, the delivery for service was not equivalent to a commencement of the action; the action could not be deemed to be "begun." If such service or publication followed within 60 days, the attempt became effectual as the beginning of an action. We believe that it was in this sense of completed service and acquisition of jurisdiction theretofore used in the statute that the revisers used the word "begun" in adding the sentence under consideration to G. S. 1894, §§ 5287, 5288, 5289, now consolidated into the present § 9342.

From the language of the revisers' report it is obvious that the end sought was not to extend the time for commencing the action but to make it clear that, as to defendants who must be actually served within 60 days after the delivery of the summons to the officer, the attachment would not survive in the absence of service or the first publication as provided for in § 9199.

As to other defendants, there is no definite limit set by § 9199 for the completion of the service, and there is no explanation of the omission in the 1905 revision to provide a definite period of limitation for actual service where no statute of limitation is involved.

The last sentence of § 9342 should be construed as if it read: "Service of the summons must be made or the first publication had as provided in § 9199 within 60 days after the issuance of the writ of attachment." So construed there is no conflict.

We hold that § 9342 requires that the summons either be served or be delivered to an officer with intent to have it served substantially contemporaneously with or prior to the time the writ of attachment is issued and that personal service of the summons or the first publication thereof must follow such delivery, within 60 days where the defendant is not served within the period of limitation, or within a reasonable time in the cases where no period of limitation is involved.

The issuance of the summons was essential to the right of the plaintiff to a writ of attachment, and the failure to serve a summons or deliver it for service at the time of issuance of the writ in the case at bar was fatal to the writ and the motion to vacate and set aside should have been granted. Hudson v. Patterson, 123 Minn. 330, 143 N. W. 792.

We have no doubt that the trial court was misled by the obiter statement in the opinion in the case last cited, but there the attachment statute was not before the court; it was referred to merely by way of comparison with the garnishment statute, which was under consideration. Probably if the legislative history of the sections herein considered had been before this court in the Hudson case or before the trial court in the case at bar, the construction now given to those sections would have been adopted.

The general appearance of defendant on the motion to set aside the writ and levy could not cure the improper issuance of the writ, for attachment is merely a provisional remedy and without a summons confers no jurisdiction upon the court. Barber v. Morris, 37 Minn. 194, 197, 33 N. W. 559, 5 A. S. R. 836. The defendant might

appear generally in the action and still challenge the validity of the writ.

In view of our disposition of the case, there is no necessity of passing upon the sufficiency of the showing in support of the attachment.

Order reversed.